**Staunton.**

AYERS v. HITE AND OTHERS.

SEPTEMBER 27, 1899.

1. PRINCIPAL AND SURETY—*Extent of Liability of Surety.*—A surety stands upon the letter of his contract, and his liability is not to be extended by implication beyond its terms. He is bound to the extent, in the manner, and under the circumstances, pointed out in his contract, and no further. His contracts are closely scanned by the courts and strictly construed in his favor, and any variation of the terms of the contract, even though in his favor, if made without his assent, is fatal.

2. RECEIVERS AND COMMISSIONERS—*Direction to Collect a Particular Fund—Liability of Surety for Other Funds.*—If a receiver or commissioner is directed to collect and disburse a particular debt upon executing a bond, with surety, conditioned for the faithful discharge of his duty as such receiver or commissioner under that or any future order of the court in that cause, the surety in such bond, when given, is not liable for defaults of the principal in the collection and disbursement of other funds collected under subsequent orders in the cause. The future orders mentioned in the decree of appointment refer to orders relating to the particular debt directed to be collected by that decree.

3. SURETIES—*Public Officers—Special Commissioner or Receiver—Funds Collected by Principal by Color of His Office.*—The doctrine that a surety of a public officer is bound for funds collected by his principal by color of his office has no application to the surety on the bond of a commissioner or receiver of a court appointed to collect and disburse a particular fund, and the condition of whose bond is for the faithful discharge of that duty.

Appeal from a decree of the Circuit Court of Augusta county, pronounced June 3, 1898, in the chancery suit of *Hite* v. *Hite*.

*Reversed.*

The opinion states the case.

*Patrick & Gordon* and *Turner K. Hackman*, for the appellant.

*Charles Curry* and *Hurst Glenn*, for the appellees.

CARDWELL, J., delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court of Augusta county, in the suit of *Hite's Adm'r v. Hite's Infants*, for many years pending in that court, and the sole question presented is whether or not the appellant, R. M. Ayers, as surety for William E. Craig, appointed a receiver or commissioner of the court by its decree of November 20, 1875, to collect certain funds due from purchasers of real estate in the cause, is liable for other funds received by Craig as receiver or commissioner of the court under a decree subsequent to that of November 20, 1875. The decree of November 20, 1875, so far as it has any bearing upon the question before us, is as follows:

" It being suggested that N. K. Trout, who was appointed by decree of June 19, 1873, herein, to collect the land bonds of Jacob S. Long and George Siple, is dead, leaving a portion of said bonds uncollected, it is ordered and decreed that W. E. Craig, who is hereby appointed a receiver in his stead, do collect the balance of purchase money due from said Long and Siple, and disburse the same as per directions of decree of June 19, 1873, herein, after having executed and filed with the clerk of this court a bond, payable to the Commonwealth of Virginia, in the penalty of $5,000, conditioned for the faithful discharge of his duty under this and all future orders of this court in this cause."

Craig, on the 22d of May, 1876, with Ayers as his surety, executed and filed with the clerk the bond required of him under

the decree of November 20, 1875, and the conditions of the bond conform to the requirements of the decree.

N. K. Trout having died before disbursing $4,408.87 of the various funds collected as the former receiver or commissioner of the court in said cause, the court, by its decree of June 23, 1876, decreed that Trout's administrator pay to Craig, as receiver, the said sum of $4,408.87, with interest, and further directed Craig to collect of J. R. Grove and B. F. Clemmer $775.85, with interest, due from them to the fund in the cause, but no bond was required of Craig for the faithful discharge of his duties under this decree. Craig collected these sums of Trout's administrator, and of Grove and Clemmer, as well as the balance due on the bonds of Long and Siple, and while he had disbursed the funds collected of Long and Siple as directed by the decree of November 20, 1875, and subsequent decrees relating to the Long and Siple bonds, he was in default, at his death in 1897, to the amount of about $4,000 of the funds collected by him under the decree of June 23, 1876. Ayers having, upon his own motion, been made a party to the cause of *Hite's Adm'r* v. *Hite's Infants*, the court, by its decree of June 3, 1898, held that the bond executed by Craig as receiver in the cause, with Ayers as his surety, under decree of November 20, 1875, " by every reasonable implication," should be held to cover the duties of the receiver, not only in regard to the money directed to be collected by him under that decree, but all moneys that may have come into his hands under the decrees in the cause subsequent to said decree of November, 1875.

This decree, in effect, holds Ayers liable for the $4,000, with interest thereon from July 1, 1884, as to which Craig, receiver, defaulted, although the fund was received by him under the decree of June 23, 1876, and notwithstanding he had properly disbursed the funds received by him under the decree of November 20, 1875.

In this view we are unable to concur. " Sureties stand upon

the letter of their contract. Their liability is always *strictissimi juris.*" *Blanton* v. *Commonwealth*, 91 Va. 1; *McCulskey* v. *Cromwell*, 1 Kernan, 598; and *Smith* v. *United States*, 2 Wall. 237.

" Nothing can be clearer, both upon principle and authority, than the doctrine that the liability of the surety is not to be extended, by implication, beyond the terms of his contract. To the extent, and in the manner, and under the circumstances pointed out in his obligation, he is bound, and no further. It is not sufficient that he may sustain no injury by a change in the contract, or that it may even be for his benefit. He has a right to stand upon the very terms of his contract; and if he does not assent to any variation, and the variation is made, it is fatal. And courts of equity, as well as of law, have been in the constant habit of scanning the contracts of sureties with considerable strictness."

The undertaking of the surety is to receive a strict interpretation, and is not to be extended beyond the fair scope of its terms. *Miller* v. *Stewart*, 9 Wheat. 680; *Blair* v. *Perpetual Ins. Co.*, 47 Am. Dec. 129; *Strawbridge* v. *B. & O. R. Co.*, 74 Am. Dec. 541; *Pickering* v. *Day*, 95 Am. Dec. 291; *Lafayette* v. *James*, 92 Ind. 240 (47 Am. Rep. 140); 24 Am. & Eng. Enc. L. 749; Murphy on Official Bonds, sec. 629.

In the light of the foregoing principles, too well settled to admit of discussion, let us examine the bond in question, and the decree under which it was executed.

The bond, as we have said, is conditioned in accordance with the terms of the decree under which it was taken, and the decree specified the duty to be performed by Craig, the receiver, and that was to collect and disburse the balance due on the land bonds of Long and Siple. The amount of the balance then due on these bonds was about, as is conceded, $2,200, and the penalty of the receiver or commissioner's bond required is $5,000, while the amount collected by Craig under the subse-

quent decree was nearly $8,000. True, the bond taken under the decree of November 20, 1875, signed by Ayers as surety; contained the condition that Craig should faithfully discharge his duty under that and all future orders of the court in the cause; but can the language, by any just, fair, and reasonable construction, be taken as referring to any duty that might thereafter be imposed upon Craig as receiver or commissioner of the court not pertaining to the specific funds he was directed to collect and disburse? Does not such an interpretation as that extend the liability of the surety beyond the fair scope of the terms of his contract?

There is not one word in the decree to indicate that Trout, the former receiver, was in default as to any funds collected by him, or that Craig was to receive from Trout's administrator, or from any other source than the Long and Siple bonds, any funds for which his surety, Ayers, would be liable. To the decree alone was Ayers required to look, to ascertain what was his undertaking when he became surety on the bond required of his principal. The plain language of the decree informed him that when he became surety for Craig as receiver or commissioner to collect the funds specified, his undertaking was to guarantee the faithful discharge of the duty of Craig relative to those funds, and any other duty imposed upon Craig by any future order of the court in that cause pertaining to those funds and their disbursement. If this were not so, upon a bond of $5,000, supposed to be double the amount to be received by the principal in the bond, as is usual, the principal, Craig, might have been authorized, as receiver or commissioner of the court by its future decrees, to collect or receive innumerable sums of money, and, if he defaulted, his surety, Ayers, would be liable to the extent of the penalty of the bond, $5,000, although his principal was in no default as to the funds he was specifically directed to collect and disburse. Ayers could not have contemplated any liability upon him as surety for Craig beyond the two debts the decree

authorized Craig to collect, and what they amounted to was not only shown by a master commissioner's report with the papers in the chancery cause in which the bond was taken, but the penalty of the bond indicated the amount.

Conceding, as is contended by appellees, that Trout was a receiver to collect all the funds in the cause, and Craig was appointed in his stead, as receiver, still the decree appointing Craig defined and limited his duty to the collection and disbursement of the balance due on two specified debts, and this he did pursuant to the decree appointing him and subsequent decrees in the cause, and he is therefore in no default as to these funds, or in the discharge of any duty imposed upon him by any decree of the court relating or pertaining thereto.

It is contended, however, by appellees that Craig collected the money of Trout's administrator and of Grove and Clemmer, under color of his office as receiver or commissioner of the court, appointed in the place and stead of Trout, who was a commissioner or receiver of the whole fund in the cause, and a number of authorities are cited in support of this contention, but they are not pertinent. They all relate to bonds of public officers, in which bonds the surety does take upon himself burdens assumed by virtue of the office of his principal, whose duties are prescribed from time to time by legislative enactment. That is not this case.

We are of opinion that the decree appealed from which holds R. M. Ayers, as surety for W. E. Craig, receiver or commissioner, liable for any funds received by him other than such balances as were due and uncollected on the land bonds of Jacob S. Long and George Siple when the decree was made, is erroneous, and it will, therefore, be reversed and annulled.

*Reversed.*