## Staunton.

## MANN v. MANN AND OTHERS.

### September 11, 1916.

1. GUARDIAN AND WARD—*General Bond.*—Under an order appointing one guardian of an infant generally, a guardian's bond with condition to faithfully discharge the duties of his office or trust as guardian is a general guardian's bond, and not a special bond given for a special purpose. .

2. PRINCIPAL AND SURETY—*Contract of Surety—Construction—Parol Evidence.*—While the contract of a surety is to be strictly construed and not extended beyond its terms by implication, still the surety is bound by his contract, and its terms are no more to be restricted by implication than extended. Nor can its terms be varied by parol evidence of the intention of the parties.

3. GUARDIAN AND WARD—*Bond—Liability of Surety—Condemnation Proceedings.*—The surety in a general guardianship bond is liable for money paid to the guardian in condemnation proceedings. The land was converted into money by the proceedings, and it was the right and duty of the guardian to collect it.

Appeal from a decree of the Circuit Court of Scott county. Decree for defendants. Complainants appeal.

*Reversed.*

The opinion states the case.

*Coleman & Carter*, for the appellant.

*W. S. Cox*, for the appellees.

SIMS, J., delivered the opinion of the court.

This suit involves the question of whether Nancy E. Mann, the surety on the bond of D. H. Mann, as

guardian of the appellant, plaintiff in the court below, is liable for an item of eight hundred dollars received by such guardian, which sum was paid to him in 1907 by a certain railway company in certain condemnation proceedings in Scott county, under statute in Virginia, wherein certain land of his ward, the plaintiff, was taken by the railway company.

The guardian's bond was given in Wise county in 1902, and is in the words and figures following:

"Know all men by these presents:

"That we, D. H. Mann and Nancy E. Mann, are held and firmly bound unto the Commonwealth of Virginia in the just and full sum of One Thousand Dollars, to the payment whereof, well and truly to be made to the said Commonwealth, we bind ourselves, and each of us, our and each of our heirs, executors and administrators, jointly and severally, firmly by these presents. Sealed with our seals, and dated this 26th day of June, in the year nineteen hundred and two, and in the 126 of the Commonwealth.

"The condition of the above obligation is such, That if the above bound D. H. Mann who was on this day appointed by the County Court of Wise county guardian for his infant child, Wm. N. Mann, aged 10 years, shall faithfully discharge the duties of his said office or trust, then the above obligation is to be void or else to remain in full force and virtue, we hereby waive the benefit of our homestead exemptions as to this debt, and also any claim or right to discharge any liability to the Commonwealth arising under this bond, or by virtue of said office, post or trust, with coupons detached from bonds of this State.

"D. H. MANN,          (Seal.)
                          her
"NANCY E.  X  MANN." (Seal.)
                     mark

"In Wise County Court, the 26th day of June, 1902, this bond was this day executed and acknowledged by the obligors in open court and is admitted to record as the law directs.

"Teste: C. A. JOHNSON, D. Clerk."

The court below, by its decree entered April 26, 1915, decided the question under consideration on demurrer to the bill, and held that—

"Nancy E. Mann, the surety on the guardian bond in 1902, entered into in Wise county, is not liable for the item of $800.00 which came into the guardian's hands by reason of the condemnation proceeding in Scott county in 1907, and to that extent sustains the demurrer."

This "finding and holding" of the court below is assigned as error by the appellant, plaintiff in the court below.

The surety, Nancy E. Mann, appellee, one of the defendants in the court below, by counsel, in brief of latter, takes the following positions in support of the said holding of the lower court, namely:

(a) That Nancy E. Mann was surety on a special bond given by D. H. Mann as guardian to sell certain land of his ward in Wise county, and that said bond was given for no other purpose than to secure the faithful discharge of the duties of the guardian with respect to such trust, and hence such bond was not intended to cover and did not cover the receipt by the guardian of any other money whatever.

(b) That the $800 which arose from the condemnation proceedings in Scott county was money which arose from the sale of infants' lands and was directly under the control of the court; that clause 14 of section 1105-f of Pollard's Code, 1904, makes this propo-

sition clear; that such fund does not go as a matter of right to the guardian of an infant; that such money should be paid into court; that a guardian is entitled to receive only the rents, issues and profits of his ward's real estate; he cannot sell it except by application to the court and the court is required by statute to see to that application and to the investment of the money; and, hence, said $800 not being money which the guardian had a right to receive as such his surety is not liable on his guardianship bond, even if the latter were held to be a general guardian's bond and not a special bond.

Treating it as conceded that the bill and demurrer properly placed these two positions before the court below for decision, we will consider them in the order stated.

(1) As to the position stated in paragraph "a" above:

The order of court under which said bond was executed is as follows:

"Virginia:

"At a county court continued and held for Wise county at the courthouse thereof, on Thursday the 26th day of June, 1902.

"Present the same Hon. Judge presiding as on yesterday.

"The court appoints D. H. Mann guardian for his child, Wm. H. Mann, aged ten years, whereupon the said Mann took the oath prescribed by law and together with Nancy E. Mann, his surety, entered into and acknowledged a bond in the penalty of one thousand dollars conditioned according to law."

It is manifest from such order of court and from the bond itself that it was not a special bond given for the special purpose contended, or any other special purpose, but was a general guardian's bond. There-

fore, what is said in the cases of *Ayres* v. *Hite*, 97 Va.
466, 34 S. E. 44, and *Kirschbaum* v. *Blair*, 98 Va. 40,
34 S. E. 895, cited and relied on by counsel for Mrs.
Mann, has no controlling application in the case now
before this court.

It is very true that the liability of a surety is
"always *strictissimi juris* and cannot be extended by con-
struction." It "is not to be extended by implication
beyond the terms of his contract." But, whatever that
contract is the surety is bound by it. Its terms can no
more be *restricted* by implication than *extended*. The
same rule too applies as in the case of any other contract
with respect to the admissibility or non-admissibility
of extraneous testimony of intention of the parties.

Applying these rules to the construction of the bond
in question, we can reach no other conclusion than
that stated above, namely, that it was a general guard-
ian's bond.

We come now to consider—

(2) The position stated in paragraph "b" above.

In the condemnation proceedings referred to, the
$800 was not in fact paid into the hands of the court,
but to the said guardian. By the very terms, therefore,
of sub-section 14 of section 1105-f, referred to and relied
upon by counsel for Mrs. Mann, such sub-section does
not apply as it deals only with money *paid into court*
in condemnation proceedings.

However, on an examination of the statute, section
1105-f, referred to, and the sub-sections thereof, pre-
scribing the procedure in the exercise of the power of
eminent domain, in accordance with the Constitution
of Virginia on that subject, we find that in the case of
an infant's lands affected, the result of the proceedings
under the statute, *after notice to the guardian* (sub-sec. 5),
is that, by virtue of the statute itself and the proceed-

ings under it, the title to the land is "absolutely vested in the company in fee simple" (sub-sec. 9), so that a conversion. of the real estate into personalty is thus accomplished—not by the guardian but by the statute under consideration. The conversion having been accomplished, the compensation and damage money arising therefrom is personalty, belonging to the ward, which under unquestioned rules applicable to the relationship of guardian and ward, it is the duty of the guardian to collect. Even if such money were paid into court, the guardian should collect it and his is the only proper hand to receive it during the minority of his ward.

The guardian having in fact received the $800, in the case before us, paid to him by the railway company under sub-section 9 of said condemnation statute, being money he had the right to receive and which it was his duty to collect and receive, we are of opinion that his surety, Mrs. Mann, was liable on said guardianship bond therefor, or for the proper accounting of such guardian therefor.

We do not mean by what is said above to intimate that the liability of a guardian and his surety on a general guardianship bond may not extend beyond liability for money which he has the right and which it is his duty to collect, if the guardian in fact collects money belonging to his ward. We do not pass upon that question simply because it is not presented for decision by the record in the case before us.

We are, therefore, of opinion that the decree complained of was erroneous in so far as it sustained the demurrer to the bill, and such decree will be reversed by this court and the cause will be remanded to the court below for further proceedings therein not in conflict with this opinion.

                                                  *Reversed.*