# Richmond.

## LOUIS FRIEDEN v. CLUETT, PEABODY & COMPANY, INC.

### May 28, 1925.

1. GUARANTY—*Change of Place of Business—Parol Evidence—Varying Terms of Guaranty—Case at Bar.*—In the instant case defendant guaranteed to plaintiff "the payment at maturity (waiving notice of nonpayment)" of goods sold by plaintiff to defendant's son from time to time on and after the date of the guaranty until notice in writing signed by defendant of the withdrawal of the guaranty. At the time of the guaranty the son was engaged in business as a merchant on Chestnut street, Norfolk. This business he discontinued and entered into business with his father. About two years later the son opened business again for himself on Granby street, Norfolk, and placed an order for merchandise with the plaintiff.

   *Held:* That the guaranty covered transactions between plaintiff and defendant's son relating to the Granby street business; and that parol evidence was not admissible tending to show that it was understood between defendant and plaintiff that defendant guaranteed only such purchases as the son should make for his business on Chestnut street.

2. GUARANTY—*Purchases by Merchant—Change of Place of Business.*—Where a guaranty of the purchases of a merchant is plain on its face and contains no limitation confining the operation of the guaranty to sales made to the merchant while the merchant's business was conducted on a certain street, to allow that term to be imported would be adding to the guaranty a term which it did not contain.

3. GUARANTY—*Notice of Transactions to Guarantor—Case at Bar.*—In the instant case a guaranty of the purchases of a merchant was unconditional and continued in force until the guarantor should revoke it by a notice in writing. The guarantor waived notice of non-payment.

   *Held:* That the guarantor was not entitled to a notice, within a reasonable time after the end of the transactions, of the amount due by the merchant.

4. GUARANTY—*Duty to Collect from Principal.*—Where the guaranty is an independent unconditional contract between the parties to it no duty rests on the creditor to first endeavor to collect the amount due from the original debtor.

5. PRESUMPTIONS AND BURDEN OF PROOF—*Mailing a Letter—Presumption of Receipt.*—If a letter properly directed is proved to have been either put in the postoffice or delivered to the postman, it is presumed from the known course of business in the postoffice department that it reached its destination at the regular time and was received by the person to whom it was addressed.

6. PRESUMPTIONS AND BURDEN OF PROOF—*Mailing a Letter—Presumption of Receipt—Rebutting Presumption.*—The presumption from the mailing of a letter of its receipt is not a conclusive presumption of law, but a mere inference of fact founded on the probability that the officers of the Government will do their duty in the usual course of business, and when it is opposed by evidence that the letter never was received, must be weighed with all other circumstances of the case by the jury in determining the question whether the letter was actually received or not.

7. PRESUMPTIONS AND BURDEN OF PROOF—*Mailing a Letter—Presumption of Receipt—Rebutting Presumption—Case at Bar.*—In the instant case defendant testified to mailing a letter to plaintiff revoking a guaranty. The credit manager of plaintiff testified that his company did not receive such letter and also as to the conduct of plaintiff's business in regard to all letters received by mail. No acknowledgment of the letter was received by defendant and no inquiry was made by him concerning the failure to acknowledge. Defendant, however, in his testimony explained his failure to make such further inquiry.

   *Held:* That whether or not the letter revoking the guaranty was received was properly submitted to the jury.

8. GUARANTY—*Abandonment of Guaranty—Change of Place of Business—Question for Jury—Case at Bar.*—In the instant case defendant guaranteed to plaintiff the payment of a merchant's account. The merchant closed out his business and over two years afterward opened up a new place of business. It was contended by the defendant that there was an abandonment of the guaranty by the plaintiff when the first business was closed and that the guaranty could not be made to apply to the new business commenced by the merchant more than two years later, whether or not the guaranty was expressly revoked.

   *Held:* That this was a question for the jury and their verdict was conclusive.

Error to a judgment of Law and Chancery Court of the city of Norfolk, in a proceeding by motion for a judgment for money.    Judgment for plaintiff.    Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Herman A. Sacks*, for the plaintiff in error.

*Miller & Jacob*, for the defendant in error.

CRUMP, J., delivered the opinion of the court.

This case is before the court upon a writ of error to a judgment rendered in favor of the defendant in error, Cluett, Peabody & Company, Incorporated, against the plaintiff in error, Louis Frieden, for $348.90 in April, 1923, in an action initiated by notice of motion for judgment in the Law and Chancery Court of the city of Norfolk.

The parties will be designated in accordance with the positions they occupied as plaintiff and defendant before the trial court.

[1] Ellis Frieden, the son of Louis Frieden, the defendant in the action, engaged in February, 1919, in a gentlemen's clothing and furnishing business on Chestnut street in Berkeley ward in the city of Norfolk. The plaintiff in the case was a wholesale dealer in Baltimore, Maryland. Ellis Frieden, desiring to purchase goods from the plaintiff company, had his father execute and deliver to the plaintiff a guaranty in the following language:

"Norfolk, Virginia, February 14, 1919.

"For and in consideration of one dollar, to me in hand paid, the receipt whereof is hereby acknowledged, and the further consideration that Cluett, Peabody & Company, Incorporated, sell goods and merchandise upon credit to Ellis A. Frieden of Norfolk, county of Norfolk and State of Virginia, I do hereby guarantee to said Cluett, Peabody & Company, Incorporated, the pay-

ment at maturity (waiving notice of nonpayment), and in accordance with the terms of sale, of the prices and values of all goods and merchandise so sold by them to the said Ellis A. Frieden from time to time, on and after the date hereof until notice in writing signed by me to said Cluett, Peabody & Company, Incorporated, of the withdrawal of this guaranty; and I further agree to pay to said Cluett, Peabody & Company, Incorporated, all costs, expenses and reasonable attorney's fees paid or incurred by them in endeavoring to obtain payment for such goods and merchandise from said Ellis A. Frieden or myself, it being understood that my liability shall not at any time exceed eight hundred dollars.

"LOUIS FRIEDEN."

In the latter part of 1919, Ellis Frieden discontinued the business on Chestnut street and after a short period went in business with his father. Sometime in the early part of February, 1922, Ellis Frieden again opened a place for the same character of business on Granby street, in the city of Norfolk, and placed an order for merchandise with the plaintiff, whereupon the plaintiff requested and received from him a financial statement before they did extend him credit. At the end of the year 1922, this business proved unsuccessful and Ellis Frieden was thrown into involuntary bankruptcy. While the business was conducted on Chestnut street Ellis Frieden paid to the plaintiff all the bills which came due in the course of the transactions at that place. When the business conducted on Granby street failed, there was due to the plaintiff the amount for which this action was brought. Demand for its payment was made upon Louis Frieden by reason of the execution of the guaranty by him, and upon refusal of payment proceedings for the recovery of the amount due were instituted against Louis Frieden, and upon the rendition of judg-

ment against him he procured a writ of error from the appellate court.

Three assignments of error are made in the petition, and they will be taken up in the order in which they occurred during the trial.

The defendant offered oral evidence tending to show that at the time he executed the guaranty to the plaintiff it was understood between him and the plaintiff that the defendant was guaranteeing only such purchases as Ellis Frieden would make from time to time for his business on Chestnut street in Berkeley ward, and that therefore the guaranty did not cover transactions between the plaintiff and Ellis Frieden relating to the business subsequently conducted on Granby street. The court sustained the plaintiff's objection to this testimony on the ground that it was within the rule forbidding the introduction of parol testimony to vary, contradict, or add to the written guaranty; whereupon the defendant excepted.

We are of opinion that there was no error in this ruling of the trial court. The written guaranty in this case is unusually broad. It nowhere designates any particular place at which the business of Ellis Frieden was to be carried on, nor is there any language in it indicating an intention to confine the guaranty to the place at which Ellis Frieden was then about to open the business. There is no language anywhere in the instrument which indicates that this merchant might not have moved his business to any point in the city of Norfolk. The only reference to any particular place or locality in the instrument occurs in connection with apparently the residence of Ellis Frieden, who is designated as being "of Norfolk, county of Norfolk and State of Virginia." This may be presumed to indicate that his residence was in the city of Norfolk, or perhaps in the county of Nor-

folk.   However that may be, properly construed the instrument evinces a manifest intention to guarantee any credit to Ellis Frieden in the business which he might conduct in the city of Norfolk, or its suburbs, or in the immediate vicinity.

Guaranties vary greatly in their language and are often informal, frequently being stipulated in a letter written by one party to another, and for that reason the courts have had frequently to deal with questions of ambiguity in instruments of that kind.   This guaranty is very plain, in definite and formal language, and unquestionably the paper is an absolute, continuing and unconditional guaranty, made by its terms to continue until Louis Frieden shall himself have given notice in writing to the wholesale house.   Cases occur in which the party has closed his business at the locality at which it was conducted, and subsequently opened up another business of the same nature in a different State, and the guaranty has been held not to cover that second business.   Those cases are not relevant here.

Among the authorities cited the defendant, the plaintiff in error, refers to the case of *Marshall Field & Co.* v. *Haish*, 85 Ill. App. 164.   The guaranty involved in that case was in its provisions similar to the guaranty we are dealing with here.   Hart, the merchant to whom credit was extended on the faith of the guaranty, was at the time engaged in business at Malta and subsequently moved to another place in the same county; and it was held that the contract of guaranty was not limited to sales made to Hart while he was in business at Malta, notwithstanding the facts that in the guaranty the merchant was described as "W. E. Hart, of Malta."   The court said:

"We cannot import into the contract words which the parties could have inserted but did not choose to.  Haish

(the guarantor) knew of Hart's removal from Malta and' had the power to terminate the guaranty then or at any time by notice in writing."

[2] Likewise here, the guaranty is plain on its face and contains no limitation confining the operation of the guaranty to sales made to Ellis Frieden while the business was conduted on Chestnut street; and to allow that term to be imported would be adding to it a term which it did not contain.

In *Mann* v. *Mann*, 119 Va. 630, 89 S. E. 897, which involved the construction of the bond of a surety, and not a contract of guaranty, the court, after stating that the liability of a surety is *strictissimi juris*, and cannot be extended by implication, adds (on page 634 [89 S. E. 898]):

"It is not to be extended by implication beyond the terms of his contract.    But whatever that contract is, the surety is bound by it.    Its terms can no more be *restricted* by implication than *extended*.    The same rule, too, applies as in the case of any other contract with respect to the admissibility or nonadmissibility of extraneous testimony of intention of the parties."

This language is *a fortiori* applicable to a guaranty.

We think that the trial court in excluding the testimony excepted to did not commit error.

[3] The next error complained of relates to three instructions offered by the defendant on the trial and refused by the court.    In the first of these instructions the court was asked to tell the jury that it was the duty of the plaintiff company to give notice to the guarantor within a reasonable time after the end of the transactions between the plaintiff and Ellis Frieden of the amount due by Ellis Frieden, and that as no such notice was given the jury should find for the defendant.

The guaranty is plainly unconditional and continuing

in force until the guarantor should revoke it by notice in writing.

[4] The court was further requested to instruct the jury that it was the duty of the plaintiff to first endeavor to collect the amount due it from Ellis Frieden. The guaranty is manifestly an independent, unconditional contract between the parties to it, and no such duty rested upon the plaintiff.

In the West Virginia case of *Loverin* v. *Bumgarner,* 59 W. Va. 46, 52 S. E. 1000, the court delivered an instructive and elaborate opinion in which they demonstrate that the contentions made by the defendant embodied in the two foregoing instructions are not tenable in considering guaranties of the broad scope of the one under consideration here.

The third instruction complained of was very largely based upon the evidence excluded by the court and which has been already dealt with, and seems to be intended to further raise the question of its admissibility.

We see no error in the action of the trial court in refusing these instructions.

The last assignment of error is based upon the refusal of the court to set aside the verdict of the jury and grant a new trial, or enter judgment on the evidence for the defendant.

At the conclusion of the evidence the court gave the following instructions to the jury:

"The court instructs the jury that if they believe from the evidence that the written guarantee dated February 14, 1919, given by defendant, Louis Frieden, was in possession of the plaintiff and outstanding at the time of the extension of credit to said Ellis Frieden in the sum of $348.98, as alleged in this suit, then they should find for plaintiff.

"The court instructs the jury that the burden of proof

is upon the defendant to show by preponderance of evidence that the said guarantee sued upon in this action was withdrawn prior to the extension by plaintiff of the credit to Ellis Frieden in the amount sued for.

"The court instructs the jury that if you believe from the evidence that the defendant did, by a written guarantee, guarantee the account of Ellis Frieden on the 14th day of February, 1919, to the extent of $800.00, and that the said defendant did, subsequent thereto, notify the plaintiff, in writing, of the withdrawal of said guarantee, then you must find for the defendant.

"The court further instructs the jury that if you believe from the evidence that the defendant did mail, or cause to be mailed, in the usual way, a letter addressed to the plaintiff withdrawing said guarantee, then the presumption is that the said plaintiff received said notice."

It is insisted here by the defendant that the parties had in mind some particular place or store at which the business was to be conducted, and neither party contemplated that after Ellis Frieden ceased to do business on Chestnut street the guaranty would remain alive until he subsequently again went into business and renewed his business transactions with the plaintiff at a different place, unless the defendant consented to it. The guaranty, however, provides that the guarantor does undertake to pay for all goods and merchandise sold to Ellis Frieden "from time to time on and after the date hereof until notice in writing signed by me to said Cluett, Peabody & Company, Incorporated, of the withdrawal of this guaranty." The vocation of Ellis Frieden, so far as the evidence shows, was that of a dealer in gentlemen's furnishing goods, and the guaranty on its face does not limit the transactions to any particular time, but, on the contrary, guarantee all future

transactions which may occur between the plaintiff and Ellis Frieden from time to time until the guarantor himself, in writing, should terminate his liability.

There was evidence on the part. of the defendant, Louis Frieden, strongly tending to show that in January, 1920, he had written, signed and mailed a letter addressed to the plaintiff company in which he in terms withdrew the guaranty involved. The credit manager of the plaintiff testified that his company did not receive any such letter. He testified that all such letters in the course of the business of the plaintiff company came to him regularly; that there was a young lady in the office who received and assorted all the mail; that she turned over to him all the mail relative to customers' credit, such as mail containing financial statements or guaranties, or mail revoking or withdrawing guaranties, and other correspondence connected with credits; that the desk of the young lady who was the mail distributing clerk was next to his.

It is insisted by the defendant that inasmuch as the testimony on his part was sufficient to prove the writing and mailing of the revocation of the guaranty properly addressed to the plaintiff, there arose a presumption that the letter was received in due course of mail and that the evidence was insufficient to rebut that presumption.

[5] In *Rosenthal* v. *Walker*, 111 U. S. 185, the court says, on page 193, 4 S. Ct. 382, 386 (28 L. Ed. 395):

"The rule is well settled that if a letter properly directed is proved to have been either put in the postoffice or delivered to the postman, it is presumed from the known course of business in the postoffice department that it reached its destination at the regular time and was received by the person to whom it was addressed."

The court cites various authorities for this principle,

the last one noted being *Huntley* v. *Whittier*, 105 Mass. 391, 7 Am. Rep. 536, and the court then continues:

[6] "As was said by Gray, J., in the case last cited, the presumption so arising is not a conclusive presumption of law, but a mere inference of fact founded on the probability that the officers of the government will do their duty and the usual course of business, and when it is opposed by evidence that the letters never were received, must be weighed with all the other circumstances of the case by the jury in determining the question whether the letters were actually received or not."

The rule of law stated in this case has obtained general recognition. 22 Corpus Juris, pages 97-8.

[7] We think the trial court acted properly in submitting to the jury on the evidence the issue whether or not the letter revoking the guaranty was ever received by the plaintiffs. There was ample evidence for the submission of this question to the jury. The evidence shows that no acknowledgment of the letter was received by Louis Frieden and no inquiry was made by him of the company concerning its failure to acknowledge the receipt of the notice contained in the letter. There was also evidence on the part of the defendant explaining his failure to make further inquiry as well as additional evidence on the part of the plaintiff relative to the conduct of the business of the plaintiff corporation. On the whole evidence, which it is unnecessary to set out in detail, there was sufficient testimony to authorize the court to allow the jury to decide whether or not the presumption of fact had been sufficiently rebutted.

[8] It is further argued by the defendant, the plaintiff in error, that there was an abandonment of the guaranty by the plaintiff when Ellis Frieden closed his first business in the latter part of 1919, and that the guar-

anty should not be made to apply to the new business commenced by him three years later, whether, or not, the guaranty was expressly revoked. We think this was a question for the jury on the evidence, and that their verdict is conclusive as to all such matters. The instructions given by the court certainly give no ground for complaint on the part of the defendant and fully protect him in his right to argue before the jury all questions arising upon the evidence.

Upon the whole case we see no error in the rulings of the trial court and the judgment will therefore be affirmed.

*Affirmed.*