# CIRCUIT COURT OF THE CITY OF RICHMOND

Gregory Andre Allen

v.

Warden of the Augusta
Correctional Center

October 28, 1997

Case No. (Law) ML-4620

BY JUDGE JAMES B. WILKINSON

*Facts*

An order was entered by the Court on February 28, 1995, sentencing Gregory Andre Allen, the petitioner, to life imprisonment for first degree murder, thirty years for a second count of first degree murder, eight years for two convictions for use of a firearm, and two years for possession of a firearm after having been convicted of a felony. The convictions and sentences were affirmed when the Court of Appeals of Virginia denied the petitioner's petition for appeal on August 14, 1995. The petitioner was represented at trial and before the Court of Appeals by appointed counsel, Kevin M. Schork.

On April 1, 1996, the petitioner, through retained counsel, filed a petition for writ of habeas corpus in the Supreme Court of Virginia. On April 12, 1996, the respondent filed an answer and motion to dismiss. The motion requested the Supreme Court of Virginia to dismiss the petitioner's allegations (b)(1) and (b)(2) and to issue a Writ Returnable to the Circuit Court of the City of Richmond limited to the petitioner's allegation (a). On June 17, 1996, the Supreme Court of Virginia remanded the petitioner's allegation (a) of the petition for writ of habeas corpus to this Court for a plenary hearing and dismissed the remaining allegations without prejudice.

Allegation (a) of the petitioner's petition for writ of habeas corpus alleges:

> Ineffective Assistance of Counsel — Defendant was denied his right of appeal through no fault of his own. My petition for appeal to the Supreme Court of Virginia was time-barred for the sole reason that the attorney representing me, through no fault of my own, failed to perfect the appeal in the manner prescribed by law. Specifically, my attorney erred by not advising me, in a timely manner, that I had a right to appeal the denial of my appeal by the Virginia Court of Appeals, to the Virginia Supreme Court pursuant to the requirements of Rule 5:17(a)(2) of the Rules of the Supreme Court of Virginia.

The petitioner's allegation (a) further alleges that Mr. Schork did not advise him that the appeal to the Court of Appeals had been denied nor that he "had a right to appeal an adverse decision of the Court of Appeals to the Supreme Court of Virginia." The petitioner states in his petition that on October 2, 1995, he learned through the assistance of another retained counsel that his appeal had been denied by the Court of Appeals of Virginia and that he was time-barred from filing an appeal to the Supreme Court of Virginia.

On September 19, 1997, the petitioner and counsel for both parties came before the Court for a plenary hearing in accordance to the order entered by the Supreme Court of Virginia. At the conclusion of the hearing, the Court took the matter under advisement.

### Issue

Whether the petitioner was time-barred from his right to appeal to the Supreme Court of Virginia due to the ineffective assistance of counsel through failure to advise the petitioner in a timely manner that the petition to appeal had been denied by the Court of Appeals of Virginia and failure to advise the petitioner of his right and the process necessary to appeal an adverse decision by the Court of Appeals to the Supreme Court of Virginia.

*Discussion*

The two prong test for proving ineffective counsel requires a showing that Mr. Schork's representation for Mr. Allen "fell below an objective standard of reasonableness, and that but for this deficient conduct the result" would have been different. *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Carter v. Commonwealth*, 16 Va. App. 42, 427 S.E.2d 736 (1993). An indigent has the constitutional right to appeal a conviction and is entitled to counsel throughout the entire appellate process. *Dodson v. Director, Dept. of Corrections*, 233 Va. 303, 308, 355 S.E.2d 573 (1987). The right of assistance of counsel requires that Mr. Schork advise Mr. Allen of his right to appeal and the necessary steps required to perfect an appeal if so desired by Mr. Allen. *See Clark v. Peyton*, 207 Va. 444, 150 S.E.2d 533 (1966). Mr. Allen "has the burden of proving by a preponderance of evidence the allegations contained in his petition." *Nolan v. Peyton*, 208 Va. 109, 112, 155 S.E.2d 318 (1967) (cites omitted).

The testimonial evidence given by Mr. Allen and Mr. Schork during the plenary hearing is conflicting as to what communications occurred during the period of August 14, 1995, through August 18, 1995. Testimonial evidence during the plenary hearing also conflicts as to whether Mr. Schork notified Mr. Allen that his appeal had been denied by the Court of Appeals, his right to appeal to the Supreme Court of Virginia, and the appellate process to do so.

Mr. Allen testified that he was transferred from the Richmond City Jail to the Powhatan Correctional Center during June 1995. Mr. Allen testified that he did not receive any letters from Mr. Schork informing him that the Court of Appeals had denied his appeal on August 14, 1995. Mr. Allen also testified that he last spoke with Mr. Schork in March 1995, and did not speak to Mr. Schork by telephone during August 1995, nor had Mr. Schork visited him. The petitioner's exhibit number three showed an affidavit from the Richmond City Jail stating no legal letters were received nor did Mr. Allen sign for any legal letters sent by Mr. Schork during the period of August 16, 1995, to September 30, 1995. Mr. Allen testified, contrary to his statement made in his petition, that on September 27, 1995, his mother informed him that his appeal to the Court of Appeals had been denied.

Mr. Schork testified and the petitioner's exhibit number one showed that he mailed a letter dated August 15, 1995, to Mr. Allen at the Richmond City Jail informing him that the Court of Appeals had denied his petition to appeal. The letter further stated "As I had explained to you before, you have a right to further pursue this matter to the Supreme Court." Mr.

Schork testified that he received a call from Mr. Allen shortly after mailing the August 15, 1995, letter. Mr. Schork testified he believed Mr. Allen had received the letter since Mr. Allen called him subsequent to his mailing the letter and the telephone conversation regarded Mr. Allen's appeal denial by the Court of Appeal. Mr. Schork testified that Mr. Allen became angry and the telephone conversation ended abruptly when Mr. Allen hung up on him.

Mr. Schork testified he was never informed by Mr. Allen that he had been transferred from the Richmond City Jail to the Powhatan Correctional Center. Mr. Schork testified he did not visit Mr. Allen after learning of the appeal denial since he spoke to Mr. Allen on the telephone regarding the appeal.

Mr. Schork testified and the petitioner's exhibit number two showed that Mr. Schork mailed another letter dated August 18, 1995, to Mr. Allen at the Richmond City Jail after the telephone conversation. The August 18, 1995, letter in part stated:

> [y]ou do not have the time to be hanging-up the phone on me and saying "you'll get back to me." You have five (5) days to notify myself or my office of whether or not you want me to appeal to the Supreme Court. If you do not notify my office you will run the risk of waiving your right to said appeal. If I do not hear from you, I will deem this as you waiving your right and you having decided not to appeal to the Supreme Court.

Mr. Schork testified that neither the August 15, 1995, letter nor the August 18, 1995, letter were returned undelivered by the post office. Mr. Schork also testified that Mr. Allen never contacted him after hanging up on him during their telephone conversation. Mr. Schork testified he was never instructed by Mr. Allen to petition for an appeal to the Supreme Court of Virginia.

The evidence shows that Mr. Allen was informed by Mr. Schork as to the appellate process required to appeal an adverse Court of Appeals decision to the Supreme Court of Virginia. Mr. Allen testified he had previously been informed of the appellate process required to appeal to the Supreme Court of Virginia. Mr. Schork testified that he had previously discussed with Mr. Allen the entire appellate process involved in petitioning for an appeal to the Court of Appeals and the Supreme Court of Virginia. The Court finds as a fact that Mr. Allen was sufficiently informed by Mr. Schork of his right to appeal an adverse decision made by the Court of Ap-

peals and the appellate process required to make such an appeal to the Supreme Court of Virginia.

Having found that Mr. Schork sufficiently advised Mr. Allen of his right to appeal to the Supreme Court of Virginia and the process required to do so, the ultimate question becomes whether Mr. Schork informed Mr. Allen in a timely manner that his appeal had been denied by the Court of Appeals. Virginia law of evidence has established that the mailing of a letter raises the presumption that the letter was received. *Frieden v. Cluet,* 142 Va. 738, 128 S.E. 61 (1925). A denial of receipt of the letter made by the addressee raises an issue of fact. *See Manassas Park Devel. Co. v. Offutt,* 203 Va. 382, 385, 124 S.E.2d 29 (1962). Whether the letter was received is a question for the trier of fact. *Id.*

The Court is of the considered opinion that the mere denial by Mr. Allen of receipt of the August 15, 1995, and August 18, 1995, letters mailed by Mr. Schork is not sufficient to rebut the presumption that the letters were delivered to him. *See, e.g., Southern Motors, Inc. v. Virginia Nat'l Bank,* 73 Bankr. 261 (W.D. Va. 1987). Mr. Schork testified that the letters were never returned undelivered and the evidence shows that the letters were not retained by the Richmond City Jail. When considering the evidence as a whole, the telephone conversation corroborates Mr. Allen's receipt of the August 15, 1995, letter, and the August 18, 1995, letter corroborates the telephone conversation. The Court finds as a fact that the August 15, 1995, and August 18, 1995, letters mailed by Mr. Schork were received by Mr. Allen. The Court finds as a fact that Mr. Allen was informed, by means of the letters and the telephone conversation, by Mr. Schork in a timely manner that his appeal to the Court of Appeals had been denied.

## Conclusion

By order of the Supreme Court of Virginia, the Court, having fully considered the evidence and argument of counsel, makes the following finding of facts:

(1) Mr. Allen was adequately informed by Mr. Schork of his right to appeal and the appellate process required to appeal an adverse decision made by the Court of Appeals to the Supreme Court of Virginia.

(2) The August 15, 1995, and August 18, 1995, letters mailed by Mr. Schork to Mr. Allen were received by Mr. Allen.

(3) Mr. Schork, by means of the telephone conversation and the August 15, 1995, and August 18, 1995, letters, notified Mr. Allen in a timely manner that his appeal to the Court of Appeals had been denied.

(4) Mr. Allen received effective counsel by Mr. Schork and Mr. Schork's representation of Mr. Allen did not fall below an objective standard of reasonableness.

(5) Mr. Allen was not time-barred from his right to appeal to the Supreme Court of Virginia due to the assistance of counsel by Mr. Schork.