Statement.

# Richmond.

JENNINGS & OTHERS v. TAYLOR & OTHERS.

DECEMBER 9, 1903.

Absent, Buchanan, J.*

1. COUNTY WARRANTS—*Act of Limitations—Fund to Indemnify Sureties.*—The right of the holder of a county warrant drawn on funds in the hands of a county treasurer, and duly registered, to assert his claim against a fund created by the treasurer for the indemnity of his sureties is never barred as to the treasurer, and as to the sureties is not barred until ten years from the time the right of action thereon accrues.

2. SUBROGATION—*Fund to Indemnify Sureties—Rights of Creditors.*— A deed made by a county treasurer to indemnify and save harmless the sureties on his official bond enures to the benefit of creditors of such treasurer existing at the time the deed was made, and for whose debts the sureties were bound.

3. COUNTY WARRANTS—*Equitable Assignments—Act of Limitations.*— A county warrant issued against funds in the hands of a county treasurer, and duly registered, operates *pro tanto* as an equitable assignment of so much of the funds in the hands of the treasurer as is necessary to meet its payment; and the treasurer and his sureties, having notice of the assignment by reason of the registration of the warrants, are liable to the holders thereof. Upon this liability there is no limitation as to the treasurer, and, as to the sureties, the limitation is ten years from the time the right of action accrues.

Appeal from a decree of the Corporation Court of the city of Bristol in a suit in chancery under the style of *McConnell for*

---

*Judge Buchanan was detained at home by sickness.

*&c.* v. *Taylor & Others,* in which appellants filed their petition praying to be made parties complainants.

*Reversed.*

The opinion states the case.

*George M. Edmonds, Jackson & Coleman* and *Bullitt & Kelly,* for the complainants.

*Richmond & Bond, Hoge & Bailey* and *W. S. Cox,* for the appellees.

CARDWELL, J., delivered the opinion of the court.

This case is as follows:   W. E. Taylor was Treasurer of Scott county for two terms—from 1891 to 1899.   In 1898 Taylor and wife executed to G. M. Edmonds and R. F. McConnell a deed of trust, conveying real and personal property to secure his sureties against loss by reason of any default in Taylor's official transactions.   Under this deed the trustees sought to sell the trust subjects, whereupon Taylor, on the 9th of June, 1898, obtained an injunction preventing the sale, and on the 25th day of July, 1898, a decree was rendered in the Circuit Court of Scott county referring the cause to S. H. Bond, as Special Commissioner, to state the accounts of Taylor, Treasurer, and to make other inquiries.   Bond filed his report on the 30th day of December, 1898, showing that Taylor had in his hands of the county funds the sum of $7,095.79.   This report was rejected, and on the 25th of March, 1899, a decree was entered, referring the cause to H. A. W. Skeen to state an account therein.   Skeen's report showed Taylor $1,721.29 ahead on the county funds. On June 25, 1900, R. A. Ayers, special judge in the cause, confirmed Skeen's report, and directed the trustees, Edmonds and McConnell, to reconvey to Taylor the trust subjects embraced in the deed of January 26, 1898; thereupon S. P. McConnell

and others filed their bill of review, and on August 30, 1900, S. P. McConnell, as one of the sureties on Taylor's official bond, filed his bill and enjoined the release of the trust subjects, setting out a history of the previous proceedings, and making all sureties parties, as well as Taylor and the trustees. On the 16th day of March, 1901, the cause was referred to Special Commissioner John E. Smith, to take and state an account therein, and this decree directed all parties having claims against Taylor, as Treasurer, to file their claims before Commissioner Smith. All proceedings were then transferred to the Corporation Court of the city of Bristol. In the meantime John M. Jennings and H. C. Wood had, by motion, under the statute, instituted their action at law in the Circuit Court of Scott county to recover judgment, by virtue of sec. 863 of the Code, against Taylor and his sureties for amounts due them on certain county warrants issued by the proper authorities of the county of Scott, and after various proceedings had therein, including an adjudication that the claims asserted by Jennings and Wood were not barred by the statute of limitations, Jennings and Wood were required to assert their claims in the chancery causes transferred as aforesaid to the Corporation Court of Bristol, which they did by petition. As has been observed, during the progress of this protracted litigation three separate reports were made by as many separate commissioners, purporting to show the true status of the account of Taylor, Treasurer, but we are concerned only with the report made by Commissioner John E. Smith. This report shows Taylor in arrears to the amount of $3,375.18 for his first term, and $4,127.47 for his second term, a total of $7,-502.65, and that the appellants here held county warrants for about $4,300 on this fund. These warrants had been presented and registered as required by law. At a hearing of the cause in the Corporation Court of Bristol, Taylor and his sureties filed a plea of the statute of limitations against the warrants held by the several appellants. These pleas were excepted to, but

the court pronounced the decree now under review, confirming -the report of Commissioner Smith (Taylor and his sureties having withdrawn their exception thereto), decreeing that the warrants held by appellants were barred by limitation, and giving judgment against Taylor and his sureties for the balance shown by Commissioner Smith's report, namely, $7,502.65, in favor of Scott county.

It is manifest that this decree is founded upon the construction that section 2920 of the Code of Virginia, providing the limitation of three years "upon any other contracts" than those specifically provided for in said section applied to the claims of the appellants.

We are of opinion that this was error. It is conceded that if these proceedings are upon the bonds of Taylor, Treasurer, the claims asserted are not barred within ten years from the date they became due and payable, and then only barred as to the sureties on Taylor's official bonds. The case of *Supervisors* v. *Catlett's Executors,* 86 Va. 158, 9 S. E. 999, is relied on as supporting the view that the ten-year limitation did not apply in this case, but we are of opinion that that case and the case at bar are wholly unlike. In the first-named case a *mandamus* was sought to compel the Board of Supervisors to make a levy to meet the payment of a disputed claim, while in the case at bar the county of Scott for value received had issued the warrants held by the appellants, payable out of the fund already provided and in the hands of Taylor, Treasurer. There is no dispute, whatever, as to the validity of these claims, nor is it controverted that they are payable out of the funds provided for by the county and in the hands of Treasurer Taylor. In fact the county is making no defence against the claims of the appellants, but the statute is being pleaded against them by the Treasurer, a public fiduciary, holding in his hands a trust fund applicable to the payment of the claims. Upon another ground, the court is of opinion that the lower court erred in not rejecting the plea of

the statute of limitations. Taylor had, as has been observed, conveyed certain property to trustees, to save harmless the sureties on his official bonds, who were liable as such sureties for the claims held by appellants at the time this deed was executed, and this deed clearly enures to the benefit of these claimants. And still, upon another ground, we are of opinion that the plea of the statute of limitations should have been rejected. The funds in the hands of Taylor, Treasurer, belonged originally to the county of Scott, and when the warrants of the county were issued upon this fund and duly registered as required by law, which registration was notice to the Treasurer of the existence of the warrants, they operated, *pro tanto,* as an equitable assignment of so much of the funds in the hands of the Treasurer as was necessary to meet their payment, and Taylor and his sureties became liable therefor to the holder of these several warrants. Upon this liability no statute of limitation applies as to Taylor, and only the limitation of ten years as to the sureties. 4 Cyc. 47; *Brooks* v. *Hatch,* 6 Leigh, 541; *Switzer* v. *Noffsinger,* 82 Va. 518; *Chesapeake, &c., Asso.* v. *Coleman,* 94 Va. 434, 26 S. E. 843.

In *Brooks* v. *Hatch, supra,* it was said by Brockenbrough, J.: "It appears from many authorities that one may draw on the credit of a fund which is not in existence, but which will arise at a future day, and that such draft is an equitable assignment of that fund and constitutes a lien on it in the hands of him who may have the possession of it."

It would be unjust and inequitable to hold that the county of Scott could sit quietly by and allow its Treasurer to make default in the payment of the claims of appellants out of funds in his hands applicable to their payment, and issued by the county of Scott for a valuable consideration, and then reap the benefit of his default by pleading the statute of limitations against these claims. The statutes of limitation are intended for the protection of the debtor, and, in this case, it is sought to be made the

means of transferring the fund in the hands of Taylor and which belonged to the claimants here to the county of Scott, the result of which would be the county will have gotten the benefit of the consideration paid for the warrants and also the money appropriated for their payment. It can make no difference to Taylor and his sureties whether he pays this fund to the holders of these warrants or to the county, and as between the county and the holders of these warrants, clearly the holders should be paid rather than the fund should revert to the county.

There are other questions presented in the record, but we do not deem it necessary to consider them. Upon the whole case we are of opinion that the appellants are entitled to recover of the appellees, W. E. Taylor and his sureties, the amount of their respective claims, with six *per cent. per annum* interest thereon from the date on which they became due and payable until paid. Therefore, the decree appealed from will be reversed and annulled, and the cause remanded to the Corporation Court of the city of Bristol to be further proceeded with in accordance with the views expressed in this opinion.

*Reversed.*