# Wytheville.

HERRELL v. BOARD OF SUPERVISORS OF PRINCE WILLIAM COUNTY.

June 13, 1912.

Absent, Keith, P.

1. ATTORNEY AND CLIENT—*Suits—Right to Institute—Waiver of Objection.*— The objection that a suit against a county treasurer was instituted by the Commonwealth's attorney in the name of the board of supervisors, without authority from them, may be, and in the case in judgment was, waived by the defendant in his answer. Moreover, the action of the Commonwealth's attorney in this case was ratified by the board.

2. EQUITY PLEADING—*Master's Report—Notice to Parties.*—Where a defendant and his counsel were present throughout the taking of an account by a master, and participated in all the proceedings before him, and the report of the master was recommitted to him at the instance of the defendant, to consider his former report in connection with exceptions filed by the defendant, and to amend the same or make a new report, based on his former report and the depositions theretofore taken, and the papers and records filed, and in the light of said exceptions and calculations, and evidence, to make such report as, in his judgment, was proper, the report made in pursuance thereof cannot be said to have been made without notice to the defendant.

3. EQUITY PRACTICE—*Conduct of Chancellor—Assisting Master.*—A chancellor is well within his rights in going over a master's report with the master, and assisting him in testing its accuracy in the light of exceptions and papers filed therewith, and his action in this respect is to be commended.

4. COUNTY TREASURERS—*Settlements with Supervisors—Act of Limitations.*— The right of the board of supervisors of a county to sue the county treasurer for a settlement and adjustment of the county levies and other funds received by him for the county is not barred by the fact that he has previously settled accounts with the board, nor are demands arising three years before the institution of such suit barred by the statute of limitations.

5. LIMITATION OF ACTIONS—*Waiver.*—In a suit by a board of supervisors against a county treasurer for the settlement of his accounts, the treasurer's answer uniting in the prayer of the bill for an account, and

specifically praying for an inquiry into all settlements made by him "from the time he became such treasurer until the present moment," is a waiver of the statute of limitations.

6. LIMITATION OF ACTIONS—*Plea—Delay in Filing—Rejection.*—A plea of the statute of limitations which is not interposed in a chancery suit until after the evidence is closed, may well be rejected as coming too late, where no excuse is offered for the delay.

Appeal from a decree of the Circuit Court of Prince William county. Decree for the complainant. Defendant appeals.

*Affirmed.*

The opinion states the case.

*Thomas H. Lion* and *C. E. Nichol,* for the appellant.

*Robert A. Hutchinson* and *H. T. Davies,* for the appellee.

WHITTLE, J., delivered the opinion of the court.

This suit (in which the county school board intervened by petition) was instituted by the appellees, the board of supervisors of Prince William county, against the appellant, James E. Herrell, county treasurer, praying for an adjustment of the county levies and moneys received by him and not accounted for, from the year 1899 to and including the year 1906.

Upon such accounting the court decreed that the board of supervisors recover against the defendant $1,709.79, with interest on $1,345.48 from May 1, 1910, until paid, and the county school board $829.64, with interest and costs. From that decree this appeal was allowed.

In the first assignment of error it is insisted that the suit was instituted against the appellant by the Commonwealth's attorney, without authority of the board of supervisors. This assignment is not sustained; but, if there were any irregularity in that respect, it was waived by the defendant, who, in his answer, avers "that he waives any demurrer thereto (the bill), and hastens to answer every charge therein contained, and now courts and demands

the fullest investigation of his official conduct. * * * Respondent unites in the petition and prayer of complainant that this cause be referred to a master commissioner of this court, with instructions to inquire into all the settlements of your respondent * * *." Moreover, the action of the Commonwealth's attorney in bringing the suit was expressly ratified by the board of supervisors, and the board employed special counsel to assist in its prosecution. *Sutherland* v. *People's Bank,* 111 Va. 515, 523, 69 S. E. 341.

The second assignment of error is that the account of the commissioner, upon which the decree appealed from is founded, was taken without notice to appellant.

This assignment is not borne out by the record. Under the decree of reference of February 6, 1908, the commissioner, *by consent of parties,* began the account on March 11, 1908, and the appellant and his counsel were present throughout the taking thereof, and participated in all the proceedings. The report was returned May 10, 1910, and found against the defendant the amounts covered by the decree of December 21, 1910. To this report the defendant excepted, and on July 13, 1910, the court, without passing on the exceptions, *on the motion of the defendant,* recommitted the account, with instructions to the commissioner to consider his former report in connection with the exceptions, and to amend the same or make a new report based on his former report and the depositions theretofore taken and papers and records filed, and in light of the exceptions and calculations and evidence, and to make such report as in his judgment might be proper.

On November 22, 1910, the commissioner returned his second report, in which he adheres to his findings on the original settlement. The second reference was merely out of abundant caution, to enable the commissioner to go over his work in the light of the exceptions and papers filed therewith, and test its accuracy. This he did in the most careful manner, and in the presence of and with the assistance of the honorable judge of the court, and verified the correctness of his former findings.

The action of the judge in thus going over these calculations with the commissioner is made the ground of exception and

criticism. So far from subjecting him to censure, as matter of correct procedure, the chancellor was well within his rights; and his pains-taking and earnest effort to reach the very right of the cause is highly commendable.

The defendant was fully apprised of these calculations, and given ample opportunity to be heard; but when his attention was specially called to the matter by the commissioner, he stated that "he had nothing further to offer."

The last assignment of error is because the commissioner failed to apply the statute of limitations to all demands against the defendant arising out of any account settled by him with the board of supervisors, and to all demands of every sort which arose against him three years prior to the institution of this suit.

We know of no such limitation as is here contended for in a suit by the board of supervisors against a county treasurer to recover public moneys in his hands. *Jennings* v. *Taylor*, 102 Va. 191, 45 S. E. 913. Besides, in this case, the defendant has expressly waived such right in his answer, by uniting in the prayer of the bill for an account, and specifically praying for an inquiry into all settlements made by him "from the time he became such treasurer until the present moment." He adhered to this position until after the evidence was closed, when, for the first time, he interposed the plea of the statute of limitations before the commissioner. No excuse was, or is, offered for his unreasonable delay in tendering the plea, and, even if it had set up a bar to the suit, it might well have been rejected as coming too late.

Other exceptions to the commissioner's report were not pressed, and, being without merit, they do not call for special notice.

Upon the whole case, we are of opinion that the decree of the circuit court is without error, and must be affirmed.

*Affirmed.*