## CIRCUIT COURT OF FAIRFAX COUNTY

SLM Concrete

    v.

Rice et al.

       Case No. (Chancery) 103126

SLM Concrete

    v.

Keebaugh et al.

       Case No. (Chancery) 103130

SLM Concrete

    v.

Danilo Lee et al.

       Case No. (Chancery) 103132

SLM Concrete

    v.

David Lee et al.

       Case No. (Chancery) 103133

SLM Concrete

v.

Rice et al.

Case No. (Chancery) 103134

SLM Concrete

v.

Banks et al.

Case No. (Chancery) 103135

May 30, 1991

By JUDGE JACK B. STEVENS

These matters have been under advisement for the Court to consider the defendants' Motions for Summary Judgment and the complainant's Motions to file Amended Bills of Complaint. The Motions for Summary Judgment are based upon a failure to name a "necessary party" and the Motions to Amend are to add that party; the parties agree that the party to be added, the surety on the bond posted to release mechanics' liens, is indeed "necessary." The Court has reviewed the memoranda of points and authorities filed by each side and the cases cited therein and grants

the Motions for Summary Judgment and denies the Motions to Amend.

The principal issues for consideration in deciding the motions are:

(1) Whether the six months statute of limitations prescribed in § 43-17, Code of Virginia (1950), as amended, applies or the five-year limitation prescribed in Section 8.01-246(2); and

(2) If the six-month statute of limitations of Section 43-17 applies, whether or not INS, the necessary party, waived that defense by filing a Plea in Bar and Demurrer in these actions.

### Applicable Statute of Limitations

SLM argues that since a bond has released the liens, the six-month statute of limitations in § 43-17 for enforcement of liens no longer applies. Instead, SLM argues that this is an action against the bond, i.e., an action on contract, and § 8.01-246(2) applies. The Court disagrees.

Code § 43-71 allows an owner of property to file a bond to release a lien from property before suit to enforce the lien. In pertinent part, the statute reads as follows:

> Such money, or bond, as the case may be, shall be held under the control of the court and shall be subject to the final judgment of the court adjudicating the *lien or liens to be valid* and determining the amount for which the same *would have been enforceable* against the real estate in any suit or action thereafter brought for the ascertainment of the rights of the parties in interest . . . . (emphasis added).

As can be seen, the statute specifically provides for a subsequent action on the *lien or liens* to ascertain the rights of the parties in interest with respect to the *validity* and amount of the liens.

The Court finds that the legislature did not intend to substitute the contract limitation period of Section 8.01-246(2) for the six-month limitations period set forth in Code § 43-17 to enforce a lien when it enacted § 43-71.

Even though the lien is released under § 43-71, a suit must still be brought to determine the *validity and enforceability* of that *lien* before the bond is paid out. Accordingly, the six-month time period applies to this action.

### Waiver of Defense of Failure to Name Necessary Party

As stated, the defendants' Motion for Summary Judgment is based upon complainant SLM's failure to name a necessary party, INS, the surety on the bonds which released the mechanics' liens. SLM counters by asserting that INS waived any objection to the jurisdiction of this Court by voluntarily filing Pleas in Bar and Demurrers in these suits on December 23, 1987, some ten months after the memoranda of mechanics' liens were filed.

A suit to enforce a mechanic's lien generally must be brought within six months of the filing of the memorandum of mechanic's lien. Section 43-17, Code of Virginia (1950), as amended. A surety is a necessary party to such an action. Section 43-71, Code of Virginia (1950), as amended. Additionally, whenever a new party is brought into such an action, the suit is deemed to have been commenced as to him at the time that he was so added. *Mendenhall v. Cooper*, 239 Va. 71, 76 (1990). A mechanic's lien which is time-barred as to any necessary party must be dismissed because such party is not subject to the Court's jurisdiction. *Id.* at 75.

Generally, the statute of limitations must be raised as an affirmative defense in a responsive pleading, Section 8.01-235, code of Virginia (1950), as amended, but the defense can be waived if not raised timely. *See, Herrell v. Supervisors*, 113 Va. 594, 597 (1912). However, in the case of a "special" statute of limitation, the limitation is a condition precedent to the maintenance of the suit. *Barksdale v. H. O. Engen, Inc.*, 218 Va. 496, 498 (1977). The mechanic's lien statute of limitations has been read in this context:

> Where, as here, a statute creates a right unknown at common law and makes a time limitation the essence of the right as well as a constriction upon the remedy, the right expires upon the expiration of the limitation; and the expiration

of the right is an absolute defense which can
be asserted either by demurrer or by plea of
the statute of limitations . . . .

*Neff v. Garrard*, 216 Va. 467, 497 (1975).

Although § 8.01-235 could arguably be read to abolish the distinction between "pure" and "special" statutes of limitations, the Virginia Supreme Court has indicated twice since its enactment in 1977 that it does not. *Harper v. City of Richmond*, 220 Va. 727, 738 (1980) ("§ 8.01-235 . . . does not abolish the substantive, distinction heretofore recognized between a 'pure' and 'special' statute of limitation . . . ."); *Commonwealth v. Spotsylvania*, 225 Va. 492, 495, n. 2 (1983).

In the cases at bar, SLM filed its Memoranda of Mechanics' Liens on February 12, 1987. On April 3, 1987, the owners received court approval to release the lien by posting bond. These bonds were posted and recorded in the land records of Fairfax County in April of 1987. INS is the surety on the bonds. On August 11, 1987, SLM filed the six Bills of Complaint to Enforce Mechanics' Liens without naming INS as a party to any of the actions. In December of 1987, INS joined in a Plea in Bar and Demurrer in four of the six cases, Chancery Nos. 103130, 103132, 103133, and 103135. There is no evidence in the Court's file that INS ever filed a Plea in Bar and/or a Demurrer or entered an appearance of any kind in either Chancery Nos. 103126 or 103134, as is asserted by SLM.

Since a necessary party was not joined in actions Chancery Nos. 103126 or 103130 within six months of the filing of the Memoranda of Liens, these suits must be dismissed. *Mendenhall, supra.* For this reason, the Motions for Summary Judgment in Nos. 103126 and 103130 are granted, and the Motions for Leave to Amend are denied.

As a general proposition, entry of a general appearance by a non-party cures any objection that the non-party is not properly joined as a necessary party to the suit. *See, Moore v. Bruce*, 85 Va. 139, 143 (1888); *see also, Hurt v. Miller*, 95 Va. 32, 37 (1897). However, in the case of a "special" statute of limitations, "[t]he special limitation is part of the right as well as the remedy, an integral part of the statute, and a condition precedent to the maintenance of the claim . . . ." *Barksdale, supra,*

at 498. The Court therefore concludes from the holdings in *Neff* and *Barksdale*, when read in light of the interpretation of § 8.01-235 in *Harper* and *Spotsylvania*, *supra*, that the four other suits, Chancery Nos. 103130, 103132, 103133, and 103135 must also be dismissed, since a condition precedent to their enforceability has not been timely met. INS's general appearance by demurrer simply came too late to satisfy the requirements of § 43-17.