## CIRCUIT COURT OF FAIRFAX COUNTY

Johnson Controls, Inc.

v.

Norair Engineering Corp. et al.

January 10, 2013

Case No. CL-2012-0006504

By Judge Michael F. Devine

On December 14, 2012, this case came before the Court on the Defendant's Motion to Dismiss for Failure to Name a Necessary Party and Plea in Bar. After considering the parties' arguments and the applicable provisions of law, the Court grants the motion to dismiss Count IV of the Amended Complaint.

### Background

The facts relevant to this motion are undisputed. On February 8, 2011, Johnson Controls, Inc. ("JCI") entered into a Purchase Order (the "PO") with Norair Engineering Corp. ("Norair"). Pursuant to the PO, JCI provided fan coil units and related equipment and materials to Norair, which used them in a construction project for which Norair was a subcontractor.

After Norair failed to pay JCI pursuant to the PO, JCI filed a mechanic's lien on November 1, 2011. On November 29, 2011, Norair petitioned the Court to substitute a bond for the lien pursuant to Va. Code § 43-71. That Code provision states as follows:

> At any time after the perfecting of any such lien and before
> a suit be brought for the enforcement thereof . . . parties in

interest may, after five days' notice to the lienor, apply to the court . . . for permission to make such payment into court, or to file such bond, as prescribed in § 43-70. . . . Upon the granting of such permission, and the payment of such money into court, or the filing of such bond, as the case may be, the property affected thereby shall stand released from such lien.

Va. Code § 43-71.

The Court granted the petition, and a bond was issued with Norair as principal and Travelers Casualty and Surety Company of America ("Travelers") as surety.

JCI then brought this case against Norair and Travelers. After a demurrer and motion for leave to amend were filed and heard, JCI filed its Amended Complaint. The Amended Complaint alleges four causes of action, breach of contract, *quantum meruit*, and unjust enrichment against Norair (Counts I, II, and III), and a bond claim against Travelers (Count IV).

Travelers argues that the Court must dismiss the bond claim because Norair is a necessary party to the claim and JCI is barred from now adding Norair as a party to that count. JCI filed its response to the motion, and after oral argument, the Court took the matter under advisement.

### *Analysis*

A motion to dismiss and plea in bar reduces the case to "a distinct issue of fact which, if proven, creates a bar to the plaintiff's right of recovery." *Tomlin v. McKenzie*, 251 Va. 478, 480, 468 S.E.2d 882, 884 (1996). The moving party carries the burden in proving the issue. *Id.* at 480, 468 S.E.2d at 884. The Court must draw reasonable factual inferences in favor of the non-moving party. *Davey Tree Expert Co. v. Jackson*, 69 Va. Cir. 350, 351-52 (Fairfax 2005). Indeed, the facts alleged in the complaint are taken as true. *See Tomlin*, 251 Va. at 480, 468 S.E.2d at 884.

Travelers' motion raises two issues this Court must decide. First, the Court must determine whether Norair is a necessary party to the bond claim. Second, if Norair is a necessary party, the Court must determine whether JCI can now add Norair to the claim.

### A. *Necessary Parties*

The Court must first determine whether Norair, the bond principal, is a necessary party to Count IV, which is JCI's attempt to enforce the bond. "A court is powerless to proceed with a suit unless all necessary parties are properly before the court." *Mendenhall v. Douglas L. Cooper, Inc.*, 239 Va. 71, 74, 387 S.E.2d 468, 470 (1990). Necessary parties are defined as follows:

> Where an individual is in the actual enjoyment of the subject matter, or has an interest in it, either in possession or expectancy, which is likely either to be defeated or diminished by the plaintiff's claim, in such case he has an immediate interest in resisting the demand, and all persons who have such immediate interests are necessary parties to the suit.

*Id.* at 75, 387 S.E.2d at 470 (quoting *Raney v. Four Thirty Seven Land Co.*, 233 Va. 513, 519-20, 357 S.E.2d 733, 736 (1987)).

In the context of mechanic's liens, the Supreme Court of Virginia has held that the beneficiaries and trustees of a deed of trust on the property subject to the lien are necessary parties to a lawsuit to enforce the lien. *Walt Robbins, Inc. v. Damon Corp.*, 232 Va. 43, 48, 348 S.E.2d 223, 227 (1986). The property owners are also necessary parties to such a lawsuit. *See Mendenhall*, 239 Va. at 75, 387 S.E.2d at 470. The Supreme Court found these parties necessary because of due process principles. *Walt Robbins*, 232 Va. at 47, 348 S.E.2d at 226. Specifically, the necessary parties have "a property right which entitles [them] *to notice and an opportunity to challenge* the perfection of the mechanic's lien or to invoke the forfeiture provisions of Va. Code § 43-23.1." *Id.* at 47, 348 S.E.2d at 226 (emphasis added).

When a mechanic's lien is bonded off pursuant to the Code, these due process considerations lead to different necessary parties. Unlike lawsuits to enforce the lien itself, the property owners and the beneficiaries and trustees of the deed of trust are not necessary parties to a lawsuit to enforce the bond. *George W. Kane, Inc. v. NuScope, Inc.*, 243 Va. 503, 510, 416 S.E.2d 701, 705 (1992). Instead, the bond principal and surety are necessary parties. *Id.* at 509-10, 416 S.E.2d at 705.

In the present case, JCI seeks to enforce the bond through Count IV of the Amended Complaint. Count IV names Travelers, the surety on the bond, as the only defendant. Norair, the bond principal, is not named. Thus, Count IV does not include all necessary parties. JCI contends, however, that the prior cases only require JCI to name the bond principal as a party to the lawsuit. According to JCI, it is not necessarily to name the bond principal as a defendant on the specific count relating to the bond.

The Court finds this argument unpersuasive. The cases do state that necessary parties must be made parties to the lawsuit. *See Mendenhall*, 239 Va. at 75, 387 S.E.2d at 470 (stating that "the new defendants were necessary parties in the suit to enforce"); *Walt Robbins*, 232 Va. at 48, 348 S.E.2d at 227 (stating that "the trustees and the beneficiary of the deed of trust were not made parties to the suits to enforce"). In both of these cases, however, the missing necessary parties were not named defendants at all in the lawsuits. *See Mendenhall*, 239 Va. at 74, 387 S.E.2d at 469-70; *Walt*

*Robbins*, 232 Va. at 44-45, 348 S.E.2d at 224-25. Further, in *NuScope*, the necessary parties were properly named to the bond claim action. 243 Va. at 505, 416 S.E.2d at 702.

Given the facts underlying these prior cases, it is understandable why the Supreme Court would state that necessary parties must be named in the lawsuit, as opposed to some more specific phrasing such as "claim" or "cause of action." This Court finds no reason to construe the prior cases as merely allowing a plaintiff to name a necessary party to the lawsuit and not the relevant count. *See ADS Constr., Inc. v. Bacon Constr. Co.*, 2012 Va. Cir. LEXIS 89, *7 (Loudoun 2012) (sustaining a demurrer on necessary party grounds where the plaintiff named only the bond surety as a party to the bond count and the bond principal was a party to other counts in the case) More importantly, the necessary parties cases, as previously noted, are based upon due process principles. A necessary party is entitled to "notice and an opportunity to challenge" the lien. *Walt Robbins*, 232 Va. at 47, 348 S.E.2d at 227. Norair does have notice because it is named to other causes of action in this case; however, Norair does not presently have an opportunity to challenge JCI's lien. To successfully enforce the bond, JCI must prove "the same elements of [its] claim that [it] would have had to prove in a suit to enforce the lien released by that bond." *NuScope*, 243 Va. at 509, 416 S.E.2d at 704. Since Norair is not a party to the bond claim, it has no right to defend JCI's perfection of the lien, which JCI must prove in the bond action. Moreover, Norair has no right to present defenses to the bond claim generally. Norair gains this right only if it is named to the bond claim count.

During oral argument, JCI suggested that the bond itself holds Norair and Travelers jointly and severally liable. Moreover, the Code requires JCI to sue the surety on the bond when seeking to enforce the bond. Va. Code § 43-71. According to JCI, it was therefore entitled to sue either party under the bond, thought it was only required to sue Travelers under the Code. This argument similarly does not appreciate the due process principles outlined in the cases. As a party whose interests may be affected, Norair must be given the right to defend the bond claim, regardless of what the bond itself may state.

For these reasons, the Court finds that Norair is a necessary party to Count IV of the Amended Complaint.

### B. Statute of Limitations

Having found that Norair is a necessary party to the bond claim, the Court must next determine whether JCI is barred from now adding Norair as a party. "[A] suit, time-barred as to any necessary party, must be dismissed because such necessary party is not subject to the court's jurisdiction." *Mendenhall*, 239 Va. at 75, 387 S.E.2d at 470.

The Code provides the relevant statute of limitations as follows:

> No suit to enforce any lien . . . shall be brought after six months from the time when the memorandum of lien was recorded or after sixty days from the time the building, structure, or railroad was completed or the work thereon otherwise terminated, whichever time shall last occur.

Va. Code § 43-17. In this case, the parties agree that JCI filed its memorandum of mechanic's lien on November 1, 2011. Accordingly, the statute of limitations ran on May 1, 2012.

During oral argument, JCI repeatedly referred to the six month statute of limitations applicable in this case. Thus, JCI does not apparently contest that Va. Code § 43-17 applies to bond enforcement actions, even though it refers to lien enforcement actions. Nonetheless, the Court affirms that Va. Code § 43-17 applies to bond enforcement actions, which is consistent with this Court's prior rulings. *See SLM Concrete v. Rice*, 24 Va. Cir. 132, 134 (Fairfax 1991) (stating that "the legislature did not intend to substitute the contract limitation period of Section 8.01-246(2) for the six-month limitations period set forth in Va. Code § 43-17 to enforce a lien when it enacted § 43-71").

Since the statute has run, the Court can allow amendment only if the relation back doctrine applies. If an amended pleading "simply varies and expands the original cause of action," then it automatically relates back to the date the original pleading was filed. *Neff v. Garrard*, 216 Va. 496, 498, 219 S.E.2d 878, 879 (1975) (citations omitted). Conversely, if the amended pleading "introduces a new or different cause of action, or makes a new or different demand," it does not relate back to the initial filing. *Id.* at 498, 219 S.E.2d at 879. In such a situation, the Court can allow amendment only if some other provision of law provides for relation back.

In this case, JCI undoubtedly seeks to add a new cause of action against Norair. JCI contends that it can rely upon the relation back provision in Va. Code § 8.01-6.1 to add Norair as a party to Count IV. That provision states that "an amendment of a pleading changing or adding a claim or defense against a party relates back to the date of the original pleadings" if the Court finds that three factors are met. Va. Code § 8.01-6.1. Importantly, however, the Code specifically states that this relation back provision does not apply to "mechanics' lien claims or defenses." *Id.* Indeed, the courts have applied the six month statute rigidly in the context of lien enforcement lawsuits, not allowing such relation back. *See Mendenhall*, 239 Va. at 76, 387 S.E.2d at 471 (dismissing the plaintiff's case because the necessary parties were not made parties within the six month statute of limitations).

The Court acknowledges that, when a bond is substituted for a lien, "the mechanic's lien would cease to exist, leaving the bond as the mechanic's

sole recourse." *NuScope*, 243 Va. at 509, 416 S.E.2d at 704. Thus, the present case is somewhat factually different from *Mendenhall* because there is no longer a lien in place. That distinction does not, however, change the substance of the case. "[W]ith respect to a bond enforcement suit, the party-plaintiff has the burden of proving the same elements of his claim that he would have had to prove in a suit to enforce the lien released by that bond." *Id.* at 509, 416 S.E.2d at 704. Indeed, the Code itself establishes that the bond "shall be subject to the final judgment of the court adjudicating the lien . . . to be valid and determining the amount for which the same would have been enforceable against the real estate in any suit . . . brought for the ascertainment of the rights of the parties in interest." Va. Code § 43-71.

The Court holds that, when a party seeks enforcement of a bond posted pursuant to Va. Code § 43-71, the substantive and procedural requirements of the mechanic's lien statutes apply. The bond merely substitutes the security given to the mechanic. It does not change the underlying claims or defenses raised by the parties. Accordingly, JCI cannot rely upon the relation back statute to cure its failure to name a necessary party within the statute of limitations. The Court finds no authority stating otherwise. Indeed, this ruling is consistent with those of this Court and other circuits. *See Rice*, 24 Va. Cir. at 136-37 (denying the plaintiff's motion for leave to amend because the six month statute had run); *ADS Construction*, 2012 Va. Cir. LEXIS 89, *8 (sustaining a demurrer because the plaintiff could not amend its complaint to add a necessary party after the six month statute had run).

JCI notes that "enforcement statutes are to be construed liberally while the requirements of the perfection statute are to be construed strictly." *American Standard Homes Corp. v. Reinecke*, 245 Va. 113, 119, 425 S.E.2d 515, 518 (1993). This Court has previously noted that the statute of limitations in bond enforcement actions "is a condition precedent to the maintenance of the suit." *Rice*, 24 Va. Cir. at 135 (citing *Barksdale v. H. O. Engen, Inc.*, 218 Va. 496, 498, 237 S.E.2d 794, 796 (1977)). Thus, compliance with the statute of limitations should be strictly construed, which is consistent with cases discussing statute of limitations in the context of liens. *See Mendenhall*, 239 Va. at 76, 387 S.E.2d at 471 (construing the statute of limitations strictly).

For these reasons, the Court finds that JCI is barred from amending Count IV to include Norair.

## Conclusion

The Court finds that Norair is a necessary party to Count IV of the Amended Complaint, and JCI is barred by the statute of limitations from now adding Norair as a party. Accordingly, the Court dismisses Count IV. The Court will enter an order dismissing Count IV and incorporating this opinion.