# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## Bonsal v. Camp.

### January 12, 1911.

#### Absent, Cardwell and Whittle, JJ.

1. Rescission—*Averments—Proof—Restoration of Parties to Former Positions.*—In a suit for the rescission of a contract for the sale of real estate, there must be a sufficient averment of the facts to show that the plaintiff is entitled to the relief which he seeks, and satisfactory proof of the facts to justify the interposition of the court, and the court must be able substantially to restore the parties to the position which they occupied before they entered into the contract.

2. Rescission—*Substantial Interest—Parties.*—An interest to the extent of one-twentieth part of a body of land worth $40,000 is a very substantial interest, and the owner thereof is a necessary party to a suit for a rescission of a contract for the sale of the land.

3. Rescission—*Parties—Separable Interests—Indivisible Interest—Complete Relief.*—On a bill to rescind a contract for the sale of land, all those substantially interested in the contract should be parties, unless the interests are separable; and if the case can be completely decided as between the parties, the fact that an interest exists in another whom the court cannot reach by process will not prevent a decree; but if an interest does exist in another, by reason of whose absence the case cannot be completely decided as between the parties, and whom the court cannot reach by process, that fact will prevent a decree.

Appeal from a decree of the Circuit Court of the city of Norfolk. Decree for complainant. Defendant appeals.

*Reversed.*

The opinion states the case.

*Thomas H. Willcox* and *N. T. Green*, for the appellant.

*Williams & Tunstall* and *Peatross & Savage*, for the appellee.

Keith, P., delivered the opinion of the court.

Camp, the appellee, filed his bill in the Circuit Court of the city of Norfolk against Bonsal, in which he prays the court to rescind a deed made by Bonsal to him for a tract of land in the State of North Carolina, upon the ground that he was deceived into making the purchase by fraudulent misrepresentations on the part of Bonsal and his agent, one R. F. Brewer. Bonsal, the sole defendant, demurred to the bill because Brewer was not made a party defendant. He also answered and such proceedings were had as resulted in a decree which directed that upon the repayment by Bonsal of the purchase money which he had received from Camp, the deed made by Bonsal to Camp should be rescinded upon certain terms and conditions.

The particular fraud relied upon consists in the fact that Brewer, who had been in the employment of Camp, who negotiated the purchase of the real estate from Bonsal, and in the course of the transaction represented himself as acting for Camp, and who was to be interested in the purchase to the extent of one-twentieth of the value of the land, and whom Camp expected ultimately would become the purchaser of one-eighth thereof, was in reality during the whole negotiation acting in the interest of Bonsal, from whom he was to receive the sum of $5,000 for procuring a sale of the land for the sum of $40,000, had never paid a dollar for the twentieth interest which he actually had in the land under the contract as it was finally agreed upon, but was credited by the sum of $2,000, his ratable proportion of one-twentieth of the price of the land, as a part of the compensation which

he was to receive from Bonsal. It was represented too that upon the land there was from forty to sixty million feet of timber, which constituted its chief value; but when Camp undertook to sell it, it was ascertained by timber experts that there were less than twenty million feet.

This is a sufficient statement of the facts to enable us properly to pass upon the demurrer, which is the only assignment of error with which we shall deal.

It may be conceded for the sake of the argument, that the bill so states the fraud in the transaction as to entitle the plaintiff to a decree for a rescission of the deed; and this brings us to the consideration of the only ground of demurrer stated, viz., that Brewer was known by Camp to be the equitable owner of one-twentieth of the land purchased, and was, therefore, a necessary and indispensable party to this suit.

Camp was a resident of Florida, Brewer a resident of Tennessee, Bonsal a resident of Virginia, and the subject matter of the contract was situated in the State of North Carolina.

In *Barney* v. *Baltimore City*, 6 Wall. 284, 18 L. Ed. 825, Mr. Justice Miller said: "There is a class of persons having such relations to the matter in controversy, merely formal or otherwise, that while they may be called proper parties, the court will take no account of the omission to make them parties. There is another class of persons whose relations to the suit are such, that if their interest and their absence are formally brought to the attention of the court, it will require them to be made parties, if within its jurisdiction, before deciding the case; but if this cannot be done, it will proceed to administer such relief as may be in its power between the parties before it. And there is a third class, whose interests in the subject matter of the suit, and in the relief sought, are so bound up with that of the other parties, that their legal presence as parties to the proceeding is an absolute neces-

sity, without which the court cannot proceed.    In such cases the court refuses to entertain the suit, when these parties cannot be subjected to its jurisdiction."

The question for determination is whether this case falls within the second class—that of persons whose relations to the suit are such that if their interest and their absence are formally brought to the attention of the court it will require them to be made parties, if within its jurisdiction, before deciding the case; or to the third class enumerated by Mr. Justice Miller—those whose interests in the subject matter of the suit, and in the relief sought, are so bound up with that of the other parties, that their legal presence as parties to the proceeding is an absolute necessity, without which the court cannot proceed.

Brewer was not within the jurisdiction of the court, and this fact is relied upon by the appellee to excuse his not being made a party and brought before the court, and that is the view which prevailed in the circuit court; while it is earnestly insisted on behalf of appellant, that the case falls within the third class, in which the court refuses to entertain a suit where the parties cannot be subjected to its jurisdiction.

This court has said in *Gaddess* v. *Norris*, 102 Va. 625, 46 S. E. 905, that "All persons interested in the subject matter of a suit and to be affected by its results are necessary parties."

In 1 Daniel's Chy. Pr., p. 244, the rule is stated as follows: "A person may be affected by the demands of the plaintiff in a suit either immediately or consequently.    Where an individual is in the actual enjoyment of the subject matter, or has an interest in it; either in possession or expectancy, which is likely either to be defeated or diminished by the plaintiff's claim, in such case he has an immediate interest in resisting the demand, and all persons who have such immediate interests are necessary parties to the suit."

Speaking of the effect of non-residence, Barton says in the first volume of his Chancery Practice, at p. 148: "Except

where express provision is made by statute for such cases, it is held to be a sufficient excuse for not making persons parties to a suit, that they are without the jurisdiction of the courts; but this is only true of such persons as are not indispensable to the just ascertainment of the merits of the cause, and whose interests will not be prejudiced by the decree."

It appears on the face of the bill that as a result of the transaction which the appellee seeks to have rescinded, a transaction which the appellee seeks to have rescinded, a North Carolina, was purchased by Camp from Bonsal, Camp paying the purchase money and Bonsal executing to him a deed for the entire subject. It further appears, however, that as to one-twentieth part of the land so purchased Camp took the legal title as trustee for Brewer, who was to that extent the beneficial owner. It further appears that under certain conditions Brewer had the right to become the beneficial owner of one-eighth of that purchase. So that it would seem that he had a very substantial interest in the subject. Of course, if all that Camp says in his bill be true, Brewer would be entitled to no consideration at the hands of the court; but that would be to decide against Brewer without giving him an opportunity to be heard. It cannot be denied that on the face of the transaction, as related in the bill, Brewer had a substantial interest.

One of the first principles with respect to the rescission of a contract is that, in seeking a remedy which calls for the highest and most drastic exercise of the power of a court of chancery—to annul and set at naught the solemn contracts of parties—there must be first a sufficient averment of facts showing the plaintiff entitled in equity to the relief which he seeks, and satisfactory proof of these facts, to justify the interposition of the court; and in addition to all this the court must be able substantially to restore the parties to the position which they occupied before they entered into the contract.

Before this contract was entered into, Bonsal was the undisputed owner of the entire tract of land which he sold to Camp. The decree from which the appeal was taken restores to him only nineteen-twentieths of the subject. Can it be believed that Bonsal would have sold one-twentieth of the subject to Brewer, or to any other purchaser?

It is not a case in which we can apply the maxim, *de minimis non curat lex.* An interest to the extent of one-twentieth part of a body of land worth $40,000 is a very substantial interest.

We are of opinion that, on the one hand, Brewer has an interest, the value of which is likely to be diminished by the plaintiff's claim, and which it is to his interest to resist; and that Bonsal, on the other hand, is interested in having Brewer before the court, so that, in the event of a decision adverse to him upon the merits, the entire contract might be rescinded and he be restored to his original position as sole owner of the property.

In *Shields* v. *Barrow,* 17 How. 130, 15 L. Ed. 158, Mr. Justice Curtis, distinguishing between the several classes of parties and their relations to the suit, to which we have already adverted, speaks as follows: "A bill to rescind a contract affords an example of this kind. For, if only a part of those interested in the contract are before the court, a decree of rescission must either destroy the rights of those who are absent, or leave the contract in full force as respects them, while it is set aside and the contracting parties restored to their former condition, as to others. We do not say that no case can arise in which this may be done; but it must be a case in which the rights of those before the court are completely separable from the rights of those absent, otherwise the latter are indispensable parties."

The conclusion to be deduced from the authorities is that on a bill to rescind a contract, all those substantially interested in the contract should be parties, unless the inter-

ests are separable; and if the case can be completely decided as between the parties, the fact that an interest exists in another whom the court cannot reach by process will not prevent a decree; but that the converse of the proposition is also true, that if an interest does exist in another, by reason of whose absence the case cannot be completely decided as between the parties, and whom the court cannot reach by process, that fact will prevent a decree.

We are of opinion that Brewer is a necessary party, without whose presence complete justice cannot be done to the appellant, W. R. Bonsal; that the decree of the circuit court upon the demurrer is erroneous and should be reversed, and the cause remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed.*