# George W. Kane, Inc., et al.

## v.

# NuScope, Inc.

Record No. 910961

April 17, 1992

Present: Carrico, C.J., Compton, Stephenson, Whiting, Hassell, Keenan, JJ., and Poff, Senior Justice

504

*Diana A. Grossi; John C. Hayes, Jr. (Bonner & O'Connell*, on briefs), for appellants.
*William B. Cave (Felton & Cave*, on brief), for appellee.

SENIOR JUSTICE POFF delivered the opinion of the Court.

The issue framed by the parties to this appeal is whether the owner of property encumbered by a subcontractor's mechanic's lien and the trustees and the beneficiary of a deed of trust recorded prior to commencement of the improvements are necessary parties to the subcontractor's suit to enforce its lien when that lien has been "bonded off" and released pursuant to Code § 43-71. Insofar as relevant to that issue, the facts are not in dispute.

Buckingham Associates (Buckingham) obtained a loan from First Union National Bank of North Carolina (First Union) to finance construction of an apartment complex on its property in Chesterfield County. In April 1987, Buckingham executed and recorded a deed of trust on the unimproved land securing payment of that loan. In a contract executed in June 1987, Buckingham engaged George W. Kane, Inc. (Kane), as general contractor.

Kane acquired a payment bond from Hartford Fire Insurance Company (Hartford Fire) and entered into three separate contracts for carpentry work with NuScope, Inc. (NuScope). As the construction project neared completion in September 1988, Kane discontinued progress payments to its subcontractor, and NuScope filed three memoranda of mechanic's liens for the unpaid balances of the subcontracts.

In November 1988, the circuit court entered an order granting Kane's petition to file three bonds securing payment of the debts claimed in the memoranda of mechanic's liens. Hartford Accident and Indemnity Company (Hartford Accident) issued the bonds, Kane filed them in the office of the clerk of the circuit court, and the court ordered NuScope's three liens "released in accordance with the provisions of Virginia Code § 43-71."

Naming Kane, Hartford Fire, and Hartford Accident as defendants, NuScope then filed a "Bill of Complaint to Enforce Mechanic's Liens and for Ancillary Relief." NuScope did not ask that its liens be enforced by sale of the property. Rather, NuScope prayed that "[t]he validity of its mechanic's liens be duly ascertained and confirmed . . . and the amount for which the liens would have been enforceable against the real estate be determined" and that the chancellor enter judgment against Kane and Hartford Accident on the lien bonds. As ancillary relief, NuScope sought damages for breach of contract against Kane and Hartford Fire on the payment bond.

A commissioner in chancery conducted an evidentiary hearing and filed his report. As relevant to this appeal, the commissioner found that all necessary parties were before the court; that NuScope's three liens were valid; and that "Kane and its mechanic's lien bond surety Hartford Accident are obligated for . . . the amounts contained in the bonds and the liens." The chancellor rejected all exceptions to the report and entered judgment in favor of NuScope for $97,439.06. We awarded Kane and its sureties (collectively, Kane) an appeal, limited to their chal-

lenge to the chancellor's confirmation of the commissioner's finding that all necessary parties were before the court.[1]

Quoting from *Mendenhall* v. *Cooper*, 239 Va. 71, 74, 387 S.E.2d 468, 470 (1990), Kane argues on brief that " '[a] court is powerless to proceed with a suit unless all necessary parties are properly before the court' "; that the owner of the property encumbered by NuScope's liens and the beneficiary and the trustees of the deed of trust antecedent to those liens were necessary parties whose absence was fatal to the court's jurisdiction over NuScope's enforcement suit; and, hence, that we must reverse the judgment and dismiss NuScope's suit for failure to join Buckingham, First Union, and the trustees of the deed of trust as parties-defendant.

Kane relies primarily upon *Mendenhall* and upon *Walt Robbins, Inc.* v. *Damon Corporation*, 232 Va. 43, 348 S.E.2d 223 (1986). In *Walt Robbins*, the owner of an unimproved tract of land acquired a construction loan and executed a deed of trust securing payment of the note. Two mechanic's lienors filed suits to enforce their liens for labor and materials furnished the project. Applying due process principles, we held that the beneficiary of the deed of trust recorded prior to the commencement of the project was a necessary party because the beneficiary had "a property right which entitle[d] him to notice and an opportunity to challenge the perfection of the mechanic's lien or to invoke the forfeiture provisions of Code § 43-23.1." *Id.* at 47, 348 S.E.2d at 226. Concerning the trustee, we held that he was a necessary party to the suit seeking enforcement by judicial sale because, absent jurisdiction over his person, the chancellor could not enter a decree divesting him of legal title to the property.[2]

In *Mendenhall*, we concluded that the rule in *Walt Robbins* applies not only to the beneficiary and the trustee of a deed of trust recorded prior to commencement of the improvements, but also to the "owners of [the property] subjected to the mechanic's liens." 239 Va. at 75, 387 S.E.2d at 470. Because those parties had not been timely added as defendants to enforce-

---

[1] The chancellor's ruling on NuScope's prayer for ancillary relief is not before us, and in light of our resolution of the issue framed on appeal, we need not address other questions discussed on brief.

[2] *See also James T. Bush Construction Co.* v. *Patel*, 243 Va. 84, 412 S.E.2d 703 (1992) (applying same rules to beneficiary and trustee of deed of trust recorded subsequent to mechanic's lien).

ment suits filed by a subcontractor and a materialman, we entered final judgment reversing the judgment below and dismissing the bills of complaint. Thus, we concluded that the beneficiary, the trustee, and the owners were members of that class of necessary parties defined in *Bonsal* v. *Camp*, 111 Va. 595, 598, 69 S.E. 978, 979 (1911), as those "whose interests in the subject matter of the suit, and in the relief sought, are so bound up with that of the other parties that their legal presence as parties to the proceeding is an absolute necessity, without which the court cannot proceed."

We reaffirm the rules applied in *Mendenhall* and in *Walt Robbins.* However, the issue dispositive of this appeal was never raised in those cases. As a matter of first impression, we consider now whether those rules apply when a mechanic's lien has been released by posting a bond as provided by statute.

Code §§ 43-70, -71 are known in the construction and repair industries as the "bonding-off" statutes. In pertinent part, § 43-71 provides as follows where, as here, the bond is posted prior to the filing of the enforcement suit:

At any time after the perfecting of any [mechanic's] lien and before a suit be brought for the enforcement thereof, the owner of the property affected thereby, the general contractor or other parties in interest may . . . apply to the court . . . for permission . . . to file such bond as prescribed in the preceding section . . . . Upon the granting of such permission . . . and the filing of such bond . . . the property affected thereby shall stand released from such lien . . . .

Such . . . bond . . . shall be held under the control of the court, and shall be subject to the final judgment of the court adjudicating the lien or liens to be valid and determining the amount for which the same would have been enforceable against the real estate in any suit or action thereafter brought for the ascertainment of the rights of the parties in interest, with respect hereto . . . .

The sureties on any such bond, which may be involved in any suit or action brought under the provisions of this section, shall be made parties to such suit or action.

Kane argues on brief that "§ 43-71 provides that when a bond releasing a mechanic's lien is posted before an enforcement suit is filed, the requisite proof and parties to the suit will be the same as

if no bond had been posted, except that the surety on the bond must also be made a party." As Kane interprets the statute, the requirement that the court hear evidence and adjudicate the validity and the enforceable amount of a mechanic's lien mandates the joinder as parties-defendant of all those who would be necessary parties if the mechanic's lien had never been released. We think Kane's interpretation overlooks the function the General Assembly intended the bonding-off statutes to serve.

The legislature was fully aware of the competing interests of those engaged in the construction industry. Typically, a landowner requires a loan to finance a construction project. The lender, the beneficiary of the owner's deed of trust on the property, requires a certificate insuring the title to that property. The general contractor requires the owner to make periodic payments to satisfy periodic claims of subcontractors and material suppliers. The owner must make serial requests of the lender for progress draws. As each new request is received, the lender must ask the title insurance company to issue an endorsement increasing the coverage of the title policy to include the new draw. To comply with that request, the title insurer must up-date its title search.

If the search discloses a mechanic's lien lodged against the property since the last draw, the title insurer will decline to issue a new endorsement, the lender will permit no further draw by the owner, and no progress payments will be made to those who furnish the labor and materials. If the project is to be financed and completed and the debts due mechanics and materialmen are to be satisfied, the title defect must be cured. If, as provided in Code § 43-71, the encumbrance of the mechanic's lien is released by the posting of a bond, the title defect is cured, a new title endorsement can be issued, the progress draws and payments can be made, and the project can proceed.

Reading § 43-71 in context with related sections of Title 43, Chapter 1, we think the legislative purpose was to facilitate the financing and expedite the completion of construction and repair projects by creating an alternative security device which provides those who supply the labor and materials to those projects protection equivalent to the protection afforded by mechanic's liens. The General Assembly accomplished that purpose by authorizing the courts to permit any party who could be adversely affected by the enforcement of a mechanic's lien, *i.e.*, "the owner of the property affected thereby, the general contractor or other

parties in interest", *id.*, to file a bond securing payment of whatever claim otherwise could be enforced by judicial sale of the property. The legislature directed that, upon the filing of such a bond, the mechanic's lien would cease to exist, leaving the bond as the mechanic's sole recourse.

■ Concerning enforcement of that bond, the statute provides that, "with respect hereto", liability "shall be subject to the final judgment of the court adjudicating the lien . . . to be valid and determining the amount for which the same would have been enforceable against the real estate in any suit . . . for the ascertainment of the rights of the parties in interest". *Id.* Hence, with respect to a bond enforcement suit, the party-plaintiff has the burden of proving the same elements of his claim that he would have had to prove in a suit to enforce the lien released by that bond. He may do so by calling whatever witnesses might claim interests adverse to his claim. The question we must decide here is whether, as Kane contends, some of such witnesses are necessary parties-defendant to the bond enforcement suit.

In *Mendenhall*, we defined the term "necessary parties" by quoting the following language used in two of our prior opinions:

> Where an individual is in the actual enjoyment of the subject matter, or has an interest in it, either in possession or expectancy, which is likely either to be defeated or diminished by the plaintiff's claim, in such case he has an immediate interest in resisting the demand, and all persons who have such immediate interests are necessary parties to the suit.

239 Va. at 75, 387 S.E.2d at 470; *Raney* v. *Four Thirty Seven Land Company*, 233 Va. 513, 519-20, 357 S.E.2d 733, 736 (1987); *Gaddess* v. *Norris*, 102 Va. 625, 630, 46 S.E. 905, 907 (1904).

■ Applying that definition in our resolution of the issue posed in this appeal, we enquire who "has an interest . . . which is likely either to be defeated or diminished" by NuScope's claim against the bond. *Id.* Once Kane posted the bond, NuScope's security for the claim underlying its mechanic's lien became the bond and not the real estate. When NuScope filed its suit demanding payment on the bond, Kane, NuScope's debtor and principal on the bond, acquired "an immediate interest in resisting the

demand". *Id.* The same was true of Hartford Accident, the surety on the bond. Both were necessary parties to that suit.

■ But once the encumbrance on Buckingham's property was released and replaced by a substitute security, the owner no longer had an interest in its property "likely either to be defeated or diminished" by NuScope's suit on the bond. While, as in *Mendenhall* and *Walt Robbins*, the beneficiary and the trustee of the construction deed of trust would have acquired such an immediate interest if NuScope had sued to enforce its mechanic's lien by a judicial sale of the property encumbered by that deed of trust, neither had such an interest once the mechanic's lien was released and NuScope sued to enforce its claim against the substitute security.

■ Buckingham and the beneficiary and the trustee of the construction deed of trust were members of " 'a class of persons having such relations to the matter in controversy, merely formal or otherwise, that, while they may be called proper parties, the court will take no account of the omission to make them parties' ", *Bonsal*, 111 Va. at 597, 69 S.E. at 978, *quoting Barney* v. *Baltimore City*, 73 U.S. (6 Wall.) 280, 284 (1867); *accord, Mendenhall*, 239 Va. at 74, 387 S.E.2d at 470. Although, in the interest of judicial economy, all three could have been joined as proper parties-defendant to NuScope's suit on the bond, we uphold the chancellor's ruling that all necessary parties were before the court, and we will affirm the decree.

*Affirmed.*