## CIRCUIT COURT OF LOUDOUN COUNTY

ADS Construction, Inc.

v.

Bacon Construction Co.
and Westfield Insurance Co.

October 18, 2012

Case No. CL-74720

BY JUDGE BURKE F. MCCAHILL

This matter came before the Court on October 5, 2012, for a hearing on the demurrer filed by Defendant Westfield Insurance Co. The Court took the demurrer under advisement and now finds as follows.

Defendant Bacon Construction Co. (Bacon) was hired by H & M Hennes & Mauritz, L.P., the lessee of commercial property in Sterling, to serve as the general contractor to perform construction services at the property. Bacon engaged Plaintiff ADS Construction, Inc. (ADS) as a subcontractor to provide construction services and labor. A dispute thereafter arose between Bacon and ADS over the failure of Bacon to pay ADS for services performed by ADS. On February 8, 2012, a Memorandum of Mechanic's Lien for the property was recorded, in which ADS articulated its claim for payment. On April 12, 2012, Bacon filed a Petition to Bond Mechanic's Lien, and a Decree Bonding Mechanic's Lien was entered by this Court on April 13, 2012. The surety of the bond that secures any obligation of Bacon to ADS with respect to the mechanic's lien is Westfield Insurance Co. (Westfield).

On July 12, 2012, ADS filed the instant lawsuit against Bacon and Westfield, with causes of action for suit on bond against Westfield (Count I), breach of contract against Bacon (Count II), quantum meruit against Bacon (Count III), and unjust enrichment against Bacon (Count IV). On August 27, 2012, Westfield filed a demurrer, and, on September 7, 2012, Westfield filed a memorandum in support of its demurrer. ADS filed an opposition brief on September 28, 2012.

The issue raised by Westfield's demurrer is whether Bacon, as the general contractor who is the principal under the bond, is a necessary party to the suit on the bond (Count I).

The applicable statute, Virginia Code § 43-71, provides in relevant part that "[t]he sureties on any such bond, which may be involved in any suit or action brought under the provisions of this section, shall be made parties to such suit or action." The statute does not address whether the principal under the bond is also a necessary party. Although ADS argues that the statute should be construed to find that the bond principal is not required to be named in a suit on the bond, the Court believes that the statute does not limit the necessary parties to a suit on the bond to the surety. In a mechanic's lien case in which the lien had not been bonded off and that proceeded under a different statute, the Virginia Supreme Court found that "It is true, as Damon and Lynn say, that Code § 43-22, which authorizes enforcement of a mechanic's lien by a suit in equity, does not expressly require that the trustee and beneficiary under an antecedent deed of trust be made parties to that suit. But, in our view, the issue is controlled by principles of due process of law." *Walt Robbins, Inc. v. Damon Corp.*, 232 Va. 43, 46-47, 348 S.E.2d 223 (1986). This Court is similarly not persuaded that Virginia Code § 43-71 limits the necessary parties to a suit on the bond to the surety.

In *George W. Kane, Inc. v. NuScope, Inc.*, the Virginia Supreme Court addressed "whether the owner of property encumbered by a subcontractor's mechanic's lien and the trustees and the beneficiary of a deed of trust recorded prior to commencement of the improvements are necessary parties to the subcontractor's suit to enforce its lien when that lien has been 'bonded off' and released pursuant to Code § 43-71." *NuScope*, 243 Va. 503, 504, 416 S.E.2d 701 (1992). In addressing this question, the Court noted, with emphasis added, that:

> Once Kane [the general contractor] posted the bond, NuScope's [the subcontractor] security for the claim underlying its mechanic's lien became the bond and not the real estate. When NuScope filed its suit demanding payment on the bond, Kane, NuScope's debtor and principal on the bond, acquired "an immediate interest in resisting the demand." The same was true of Hartford Accident, the surety on the bond. Both were necessary parties to that suit.

*Id.* at 509-10 (quoting *Mendenhall v. Douglas L. Cooper, Inc.*, 239 Va. 71, 75, 387 S.E.2d 468 (1990)). The Court went on to find that, because the encumbrance on the property was released and was substituted by an alternate security, "the owner no longer had an interest in its property 'likely either to be defeated or diminished' by NuScope's suit on the bond." *Id.* at 510. The Court distinguished the case from the cases of *Mendenhall*

and *Walt Robbins*, which each involved actions to enforce mechanic's liens where the lien had not been bonded off.

ADS contends that the *NuScope* case is not controlling and that any language indicating that the general contractor may be a necessary party is dicta. The Court in *NuScope*, while holding that the owner and the trustees and the beneficiary of the deed of trust were not necessary parties, clearly stated that the general contractor and surety were both necessary parties. This Court believes that the Supreme Court's observation in *NuScope* that the general contractor was a necessary party was an essential pronouncement in that case. However, even assuming, *arguendo*, that this pronouncement is not binding, this Court nevertheless finds that the general principles of necessary parties dictates a finding that Bacon is a necessary party in this case.

*Lile's Equity Pleading and Practice* observes that "Courts and commentators usually classify parties in equity as either *necessary* or *proper* parties." Edwin B. Meade, *Lile's Equity Pleading and Practice*, § 73 (3d ed. 1952). *Lile's* goes on to observe that necessary parties are "[t]hose whose presence is essential to a complete determination of the controversy or disposition of the subject matter . . . since without their presence in the suit there can be no effective decree." *Id*. Proper parties, on the other hand, "are those without whose presence in the suit a substantial decree may be made, but not a decree which shall completely settle all questions and conclude all rights involved in the litigation." *Id*. at § 74. *Lile's* additionally observes, as an illustration of necessary parties, that necessary parties "in a surety's suit for subrogation, [are] the satisfied creditor, as well as the principal, the security being held by, or standing in the name of, the former." *Id*. at § 73.

The Virginia Supreme Court has observed that it defines "necessary parties" broadly and that:

> Where an individual is in the actual enjoyment of the subject matter, or has an interest in it, either in possession or expectancy, which is likely either to be defeated or diminished by the plaintiff's claim, in such case he has an immediate interest in resisting the demand, and all persons who have such immediate interests are necessary parties to the suit.

*Mendenhall*, 239 Va. at 75 (quoting *Raney v. Four Thirty Seven Land Co.*, 233 Va. 513, 519-20, 357 S.E.2d 733 (1987)).

In cases of suretyship, "the risk of loss remains with the principal while the surety merely lends its credit so as to guarantee payment or performance in the event that the principal defaults." 74 Am. Jur. 2d, *Suretyship*, § 1 (2012). See also *Norris v. Crummey*, 23 Va. (2 Rand.) 323 (1824); *Ayers v. Hite's Infants*, 97 Va. 466, 468-69, 34 S.E. 44 (1899) (providing that "[s]ureties stand upon the letter of their contract"). In this case, the release

of lien bond provides that Bacon, as principal, and Westfield, as surety, "are held and firmly bound unto ADS." Because the bond does not absolve Bacon from liability to ADS, Bacon retains "an immediate interest in resisting the demand" made in the suit on the bond. *Mendenhall*, 239 Va. at 75. Accordingly, Bacon is a necessary party to ADS' suit on bond.

In its demurrer, Westfield asserts that the statute of limitations has expired for ADS to add Bacon as a party to ADS' suit on bond (Count I). Pursuant to Virginia Code § 43-17, ADS was required to commence its action to enforce its lien within six months from the time the lien was recorded. In its brief in opposition to the demurrer, ADS asks for leave to amend its Complaint to add Bacon as a party to ADS' suit on bond. The Virginia Supreme Court held in *Neff v. Garrard* that, "[w]here, as here, a statute creates a right unknown at common law and makes a time limitation the essence of the right as well as a constriction upon the remedy, the right expires upon the expiration of the limitation; and the expiration of the right is an absolute defense which can be asserted either by demurrer or by plea of the statute of limitations." *Neff*, 216 Va. 496, 497, 219 S.E.2d 878 (1975) (citation omitted) (finding that the chancellor did not abuse his discretion in denying a motion to amend the complaint to correct the mistake of inadvertently identifying the wrong lien because the amended complaint would introduce a new or different demand). In *Mendenhall*, the Virginia Supreme Court recognized that, "[i]n the context of Code § 43-17 . . . when an amendment introduces a new claim or makes new demands, the statute continues to run until the time of the amendment" and that "it is well-established that, when 'a new party is brought into a suit by an amended pleading, the suit must be deemed to have been commenced as to him at the time that he was so brought in'." *Mendenhall*, 239 Va. at 76 (citations and quotation omitted). In this case, ADS recorded its lien on February 8, 2012. Because more than six months have passed since this time, ADS is time-barred from amending its Complaint to add Bacon as a party to ADS' suit on bond.

Accordingly, the Court will sustain Westfield's demurrer with prejudice.