## CIRCUIT COURT OF ORANGE COUNTY

Synchronized Construction
Services, Inc.

v.

Prav Lodging, L.L.C., et al.

### Case No. CL10-220

By Judge Daniel R. Bouton

### February 6, 2013

The court has had an opportunity to give further study to the arguments pertaining to Virginia Community Bank's motion to dismiss. The court has also reviewed the authority cited by counsel, along with Virginia's statutory scheme for the filing and the enforcement of mechanics' liens. The court concludes that the general contractor, Paris Development Group, L.L.C. (Paris) is a necessary party to the case. Since Paris is no longer a defendant in the case, the motion to dismiss will be granted. The rationale for the court's decision is set forth below.

The case before the court is one in which the mechanics' lien has been bonded off under § 43-70 of the Code of Virginia. This statute allows "any party in interest" to file a bond after the litigation has commenced. When this occurs, the status of the case is changed because the bond then replaces the real property as the collateral for the lien. As a result, the lien against the owner's land is released, and the title to the property is no longer encumbered by an exception for a mechanics' lien. Since such a bond has been filed in the present case, the court must determine whether the general contractor remains a necessary party.

To begin the analysis, who is and who is not a necessary party in a suit to enforce a mechanics' lien can be different depending on whether or not a bond has been filed. The Supreme Court of Virginia made this clear in

*George W. Kane, Inc. v. NuScope, Inc.*, 243 Va. 503 (1992). There, the court determined that, once the lien had been bonded off, the owner, the trustee under a construction loan deed of trust, and the beneficiary of the deed of trust were no longer necessary parties. In the present case, the plaintiff relies primarily on the reasoning of *George W. Kane* to support his position. He asserts that Paris, the general contractor, is not a necessary party to the litigation because of the bond. The crux of the argument is that the general contractor has no further "actual enjoyment of the subject matter, or . . . an interest in it, either in possession of expectancy. . . ." *Id.*, at 509.

Nevertheless, the court is not persuaded that the holding in *George W. Kane* is dispositive. To begin with, it must be stressed that the filing of the bond in no way changes what the plaintiff must prove in the suit to enforce the lien. The court acknowledged this precise point in *George W. Kane*. There, the court said that, even in a "bond enforcement suit, the party plaintiff has the burden of proving the same elements of his claim that he would have had to prove in a suit to enforce the lien released by that bond." *Id.*, at 509. Thus, even with the bond, the disputed issues in the case are no different. In order to succeed, the plaintiff must file a valid lien. The plaintiff must then file suit to enforce the lien. At trial, the plaintiff must prove the total amount that he is entitled to recover. Moreover, to prove any such amount, the plaintiff must satisfy a number of requirements set forth in Virginia's statutory scheme for mechanics' liens and in several decided cases. Finally, if the plaintiff successfully proves his claim, the amount can then be enforced against the bond. As set forth in § 43-70, the bond stands for the "payment of such judgment adjudicating the lien or liens to be valid and determining the amount for which the same would have been enforceable against the real estate as may be rendered by the court, upon the *hearing of the case on its merits*. . . ." (Emphasis added.)

In this context, what is significant is that the filing of the bond has no impact on what the plaintiff must prove with respect to the general contractor. It also does not eliminate or change the interests of the general contractor in the subject matter of the litigation. The court must still hear the case on its merits. In the court's view, this explains why *George W. Kane* does not support the position of the plaintiff. There, the critical factor for the court was that the owner, the trustee, and the deed of trust beneficiary all had an interest in the title to the real property that was the subject of the filed lien. Once the bond replaced the lien, these parties were no longer exposed to the possibility that the property might be sold to enforce the mechanics' lien. In other words, at least some of the subject matter of the suit changed because of the bond. In turn, the respective interests of some of the parties in the subject matter of the suit also changed. The specific change was that their property was not encumbered by a lien and was no longer at any further risk of being sold. Therefore, while they would be proper parties to the case, the Supreme Court explained that they were no longer necessary.

This reasoning, however, would have no application to the general contractor. That is because the general contractor in *George W. Kane* had no interest in the title to the real property. Similarly, the general contractor here has no interest in the title to the real property. Therefore, the plaintiff's reliance on the *George W. Kane* case is misplaced because the bond does not modify the interests of the general contractor in any of the disputed issues. The bond will have no impact on how the case is tried. The bond does not change what the plaintiff must prove about the obligations of the general contractor and the obligations of the owner.

Plaintiff also argues that the provisions of § 43-22 support his position. He points out that the statute does not identify the general contractor as a necessary party and it does not require that the general contractor be named in the suit to enforce the lien. This argument fails to persuade the court for two reasons. First, the language of the statute is limited in scope; it only discusses certain aspects of a suit to enforce a lien. Most important, the legislature never addressed the question of necessary parties in any of the statutory provisions for mechanics' liens. On this point, the main focus of the statutory scheme is on the perfection of the lien. Yet, there are procedural and substantive distinctions between the perfection of the lien and the suit to enforce it. They are two entirely different proceedings. With regard to a suit to enforce a lien, the statutory scheme only refers to a number of filing requirements; it also contains a statute of limitations. No statutory provision, however, defines the subject matter of the suit or lists all of the necessary parties. Second, the case of *Walt Robbins, Inc. v. Damon Corp.*, 232 Va. 43 (1986), makes it clear that § 43-22 does not limit or define the issue of which parties are necessary in a suit to enforce a lien.

As a result, the court finds that the plaintiff's arguments regarding *George W. Kane* and Virginia's statutory scheme do not eliminate the general contractor as a necessary party. Nevertheless, this does not end the inquiry, and it does not mean that Virginia Community Bank should prevail on the motion to dismiss. Rather, in order to decide whether the general contractor is a necessary party, the court must first identify the entire subject matter of the case. The court must then examine how the Supreme Court of Virginia has defined a necessary party. Finally, the court must decide whether the general contractor meets the definition of a necessary party in this particular case.

To begin with, the filing of the bond has resulted in at least some change to the subject matter of the case before the court. Specifically, the real property against which the mechanics' lien was originally filed is no longer part of the subject matter. However, the bond is now included as part of such subject matter because it replaced the real property as collateral for the lien. Yet, it must be emphasized that the purpose of the bond in the suit is merely to serve as collateral for the lien. As noted previously, an enforceable lien

must first be proven before it can be charged against the bond. Thus, the bond only speaks to the remedy in the case, and is only a part of the entire subject matter. The court finds that the subject matter of the suit includes more than just the collateral for the lien. It also includes the issues that must be resolved before the court can decide whether there is any lien that can be enforced. This requires the court to address and adjudicate several financial questions that directly involve the general contractor.

On this point, in every suit to enforce a mechanics' lien, the plaintiff must satisfy a number of statutory requirements. Here, § 43-7 explicitly states that the amount of the lien "shall not exceed the amount in which the owner is indebted to the general contractor. . . ." The statute then goes on to provide that "it shall be an affirmative defense or affirmative partial defense, as the case may be, to a suit to perfect a lien of a subcontractor that the owner is not indebted to the general contractor or is indebted to the general contractor for less than the amount of the lien sought to be perfected." Thus, before the plaintiff can enforce any lien against the bond, the amount, if any, that the owner, Prav, owes to the general contractor, Paris, must be established. This is an indispensable and critical component of the subject matter of the suit to enforce the lien. It means that the subject matter of this suit will require that the financial and contractual arrangements between Prav and Paris be litigated.

Next, it must be emphasized that the subject matter is not limited solely to a determination of the amount owed to the general contractor by the owner. Rather, the lien in this case actually arises from a claim for money that the subcontractor (Synchronized) is making against the general contractor (Paris). Here, the pleadings filed by the plaintiff assert that the general contractor breached the written contract it had entered into with the subcontractor. The complaint states that the general contractor did not pay the subcontractor what was owed under the contract. This is what resulted in the filing of the lien against the owner's property. Therefore, in deciding whether the general contractor is a necessary party, the court must also take into account that all of the contractual and financial arrangements between the general contractor and the subcontractor must be litigated at trial. The case cannot be completed without a resolution of these issues. In this regard, the Supreme Court of Virginia has stressed the importance that the claim of the subcontractor against the general contractor has to the subject matter of any suit to enforce a mechanics' lien. In *John T. Wilson Co., v. McManus*, 162 Va. 130, 135 (1934), the court said:

> Before a subcontractor is entitled to claim a lien . . . he, under his contract with the general contractor, must have performed some work or furnished some material for which the general contractor is under a contractual obligation to pay. The maximum amount for which he is entitled to claim a lien is governed by the condition of accounts between the owner

and the general contractor at the time notice is given. If the general contractor is not indebted to the subcontractor, the subcontractor is not entitled to a lien. . . .

The Supreme Court has also explained that trial judges have sweeping powers to implement remedies in a suit to enforce a mechanics' lien. Specifically, the court should proceed to determine all questions before it. In addition, the court may enter a personal decree against defendants for any amount that is due even if no right to a lien has been established. *Johnston and Grommett Bros. v. Bunn*, 108 Va. 490 (1908); *Taylor v. Netherwood*, 91 Va. 88 (1895).

Now that the subject matter of a suit to enforce a mechanics' lien has been discussed, the court will turn its attention to the definition of a necessary party under Virginia law. This definition must be applied to the general contractor in light of the subject matter of the present case. In defining a necessary party, the Supreme Court of Virginia has consistently relied on the principles contained in *Walt Robbins, Inc. v. Damon Corp.*, 232 Va. 43 (1986), and *Mendenhall v. Cooper*, 239 Va. 71 (1990). In *Mendenhall*, the court described a necessary party as follows: "Where an individual is in the actual enjoyment of the subject matter, or has an interest in it, either in possession or expectancy, which is likely to either be defeated or diminished by the plaintiff's claim, in such case he has an immediate interest in resisting the demand, and all persons who have such immediate interests are necessary parties to the suit." *Id.*, at 75. Moreover, in *Atkisson v. Wexford Associates*, 254 Va. 449, 455 (1997), the court said that necessary parties "include all persons, natural or artificial, however numerous, materially interested either legally or beneficially in the subject matter or event of the suit. . . ."

Furthermore, in applying this definition, the Supreme Court of Virginia has repeatedly stressed that the term necessary parties should be defined broadly by trial judges. *Asch v. Friends of Mt. Vernon Yacht Club*, 251 Va. 89 (1996); *Raney v. Four Thirty Seven Land Co.*, 233 Va. 513 (1987). In *Asch*, the court said that a necessary party's "interests in the subject matter of the suit and, in the relief sought are so bound up with that of the other parties, that their legal presence as parties to the proceeding is an absolute necessity, without which the court cannot proceed. In such cases, the court refuses to entertain the suit when these parties cannot be subject to its jurisdiction." *Id.*, at 91.

In light of the above discussion, the court finds that the general contractor is a necessary party in the case. The lien that the plaintiff seeks to enforce against the bond must be based on proof of a claim for money that the subcontractor has against the general contractor. In addition, whether any such proven amount can be charged to the bond can only be computed after the court determines what, if anything, the owner owes to the general contractor. Before any of these issues can be properly resolved and ruled

on, the court must fully adjudicate the rights and duties of the general contractor with respect to both the subcontractor and the owner. All of the financial and contractual obligations of the general contractor are at stake in the case. The court's power in a suit to enforce a mechanics' lien is extensive in scope, and necessary parties are broadly defined in Virginia. Under these circumstances, the general contractor here is "materially interested either legally or beneficially in the subject matter or event of the suit," and the interests of the general contractor in the subject matter of this suit and the relief sought are directly "bound up" with that of the other parties.

Virginia Community Bank's motion to dismiss will be granted.

### June 6, 2013

The court has reviewed the arguments that have been submitted in connection with the motion for reconsideration. The motion will be denied. The court's reasons are set forth below.

To begin with, the court will address the written arguments that were first offered in support of the motion, as well as those set forth in Virginia Community Bank's response. Here, as a starting point, the court again emphasizes that, in this case, no lien can be enforced against the bond without the resolution of two critical questions. First, the amount, if any, owed to the general contractor by the owner must be established. Second, the subcontractor must prove that the general contractor is legally bound to pay the subcontractor a specific amount of money. In order to ascertain these amounts, the court must examine the financial obligations between the owner and the general contractor and those between the general contractor and the subcontractor. This will require the court to construe and interpret the various contractual obligations among the parties. In addition, evidence about what payments were made, when they were made, who made such payments, and what they were made for will be presented. The record in this case and the written arguments submitted by counsel demonstrate that many of the facts surrounding these issues are in dispute and are hotly contested.

Under these circumstances, the court still finds that the general contractor is "materially interested" either legally or beneficially in the subject matter of the case. Furthermore, the interests of the general contractor are directly "bound up" with those of the other parties. The court's ruling is consistent with the holding of *In re Richardson Builders, Inc.*, 123 B.R. 736, 740 (Bankr., W.D. Va., 1990). The court cites the rationale of this case as further support for its decision on the plaintiff's motion.

In addition, the court rejects the argument that the plaintiff can somehow represent the interests of the general contractor. In this litigation, the general contractor and the plaintiff are adverse to one another. Thus, any attempt by the plaintiff to assert any position that the general contractor should take on

any disputed issue would not be appropriate. Therefore, this would not be a reason to grant the motion for reconsideration.

Furthermore, the argument that the general contractor is not a necessary party because of a lack of prejudice fails to persuade the court. Simply because a party might not be prejudiced by how a case turns out is not dispositive. A party can have a material interest in the subject matter of the case regardless of whether that party might be prejudiced by the result. For example, in the present case, even if the general contractor here is completely satisfied with how the case is resolved, it is still "materially interested either legally or beneficially in the subject matter of the suit" and its interests are "bound up" with those of the other parties. That is why the court finds that the general contractor must be given notice and an opportunity to be heard. Once it is brought into the case as a necessary party, the general contractor can then decide whether the potential for prejudice justifies any further participation or involvement. Moreover, should a necessary party choose not to respond or to participate, this would not preclude the court from resolving the case. That is because, once all necessary parties have been served with process and given an opportunity to be heard, they are before the court.

If the court is incorrect in its conclusion that prejudice is not the dispositive factor in deciding whether a party is necessary to a proceeding, the court finds that the pleadings and the prior proceedings in this case demonstrate that the general contractor here might actually suffer prejudice. As part of its rationale for this finding, the court finds persuasive the arguments made by Virginia Community Bank on pages 8-9 of its Memorandum in Opposition to the Plaintiff's Motion for Reconsideration. It is not necessary to repeat them here; they are incorporated by reference and adopted by the court.

Finally, the court will address the arguments set forth in the Plaintiff's Reply Memorandum. First, the plaintiff maintains that the disputed issues can be adjudicated without the presence of the general contractor. To support this argument, the plaintiff cites evidence that includes but is not limited to the written contracts, the construction experts who would be expected to testify, and the information that would be elicited by the Timmons Group. Based on all of the available evidence, the plaintiff asserts that the general contractor will not have to participate in the trial in order to resolve the issues raised by the "three factors" identified in the court's letter opinion of February 6, 2013.

Nevertheless, the court finds that this argument is misplaced. The principles of law that apply to determining whether a party is necessary do not turn on whether the court has the "ability" to resolve disputed issues or whether there would be enough evidence or information to try them, even if a party is not joined in the proceeding. Rather, as stressed previously, the key inquiry is to ascertain what parties have a material interest in the subject matter and what parties have interests in the case that are "bound

up" with those of the other parties. Once such parties have been identified, they must be given notice and an opportunity to be heard. This must be done before the court has the authority to proceed. In this regard, it must be emphasized that the court's ruling does not mean that the general contractor must actually appear in court and participate in the litigation. Rather, the court finds that as a necessary party, the general contractor must be served with process and given a chance to do so.

Furthermore, in light of the above discussion, the court is not persuaded by the "default judgment" argument made by the plaintiff. Here, had a default judgment been taken against the general contractor, the analysis would remain the same. When a litigant is in default, the litigant is still in the case; still remains a party to the proceedings; and is still subject to the full jurisdiction of the court. That is because the party must be served with process and given an opportunity to appear in the case before a default judgment can be entered. Thus, even if a necessary party is in default, that party is still before the court. As long as all necessary parties have been joined in the proceeding, the court has the power to try the case.

The order shall be a final one that concludes the case.