PRESENT: All the Justices

TAMARA E. YOUNG-ALLEN

v. Record No. 181313

BANK OF AMERICA, N.A., ET AL.

OPINION BY
JUSTICE TERESA M. CHAFIN
APRIL 2, 2020

FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
Lisa Bondareff Kemler, Judge

Tamara E. Young-Allen contends that the Circuit Court of the City of Alexandria erred by sustaining demurrers to: (1) her claim seeking the equitable rescission of a foreclosure sale, and (2) her claim asserting that the trustee conducting the foreclosure sale breached its fiduciary duty. Upon review, we affirm the circuit court's decision.

I. BACKGROUND

Young-Allen owned a home in Alexandria that was subject to a deed of trust held by Bank of America, N.A. ("Bank of America"). When Young-Allen failed to make timely payments toward the debt secured by the deed of trust, Bank of America and Equity Trustees, LLC ("Equity"), Bank of America's substitute trustee, foreclosed upon the property. On January 18, 2018, a law firm acting on behalf of Equity sent Young-Allen a notice stating that the property would be sold at a foreclosure sale scheduled to be held on February 2, 2018.

On January 19, 2018, Young-Allen sent an email to Bank of America requesting a "reinstatement of loan quote" or "reinstatement figures." Bank of America did not respond to Young-Allen's request. At some point before the scheduled foreclosure sale, Young-Allen advised Equity that Bank of America had breached the terms of the deed of trust and asked for the foreclosure sale to be cancelled or postponed until Bank of America provided the

"reinstatement figures" and "time for her to cure the default." Equity refused to cancel or postpone the sale.

On February 1, 2018, Young-Allen filed her initial complaint against Bank of America and Equity. She also filed a notice of lis pendens regarding the litigation. The complaint asserted that Bank of America breached the terms of the deed of trust by failing to provide the requested reinstatement figures or notice of Young-Allen's right to cure the default. The complaint also alleged that Equity breached the fiduciary duty that it owed to Young-Allen when it refused to cancel or postpone the scheduled foreclosure sale. The complaint requested a declaratory judgment addressing the authority of Bank of America and Equity to conduct the foreclosure sale. The complaint also asked the circuit court to rescind any foreclosure sale that might occur during the pending litigation.

The foreclosure sale was held as scheduled on February 2, 2018, and an investment company purchased Young-Allen's home. On April 2, 2018, Bank of America filed a demurrer to Young-Allen's complaint. Among other things, Bank of America argued that the complaint failed to allege that Young-Allen incurred an injury or damages as a result of the alleged breach of the deed of trust. The circuit court sustained the demurrer to Young-Allen's breach of contract and declaratory judgment claims and granted her leave to amend the complaint.

On May 30, 2018, Young-Allen filed an amended complaint. The amended complaint abandoned Young-Allen's initial breach of contract and declaratory judgment claims. The complaint, however, requested the equitable rescission of the foreclosure sale based on Bank of America's breach of the terms of the deed of trust and its failure to satisfy conditions precedent to foreclosure. The complaint also asserted that Equity breached the fiduciary duty that it owed

2

to Young-Allen when it conducted the foreclosure sale after it was advised of the alleged breach of the deed of trust and the pending litigation.

Both Bank of America and Equity filed demurrers to Young-Allen's amended complaint. Bank of America argued that the amended complaint failed to state a valid claim for equitable rescission. Equity agreed with Bank of America's argument regarding the rescission claim. Equity also argued that the amended complaint failed to allege sufficient facts to support Young-Allen's breach of fiduciary duty claim. Specifically, Equity maintained that the complaint failed to allege any facts establishing that it breached its duty of impartiality when it conducted the foreclosure sale.

On July 11, 2018, the circuit court sustained Bank of America's demurrer and dismissed Young-Allen's equitable rescission claim with prejudice. On August 8, 2018, the circuit court sustained Equity's demurrer and dismissed the remainder of the complaint, also with prejudice. This appeal followed.

## II. ANALYSIS

Young-Allen contends that the circuit court erred by sustaining the demurrers to her amended complaint. Young-Allen maintains that the allegations of the amended complaint supported her claim for the equitable rescission of the foreclosure sale. She also argues that the amended complaint sufficiently alleged that Equity breached its fiduciary duty when it conducted the foreclosure sale under the circumstances of this case.

"A trial court's decision sustaining a demurrer presents a question of law which we review de novo." *Squire v. Virginia Hous. Dev. Auth.*, 287 Va. 507, 514 (2014) (quoting *Harris v. Kreutzer*, 271 Va. 188, 196 (2006)). When reviewing a decision sustaining a demurrer, "we accept as true all factual allegations expressly pleaded in the complaint and interpret those

3

allegations in the light most favorable to the claimant." *Parker v. Carilion Clinic*, 296 Va. 319, 330 (2018). "At the demurrer stage, it is not the function of the trial court to decide the merits of the allegations set forth in a complaint, but only to determine whether the factual allegations pled and the reasonable inferences drawn therefrom are sufficient to state a cause of action." *Squire*, 287 Va. at 514 (quoting *Friends of the Rappahannock v. Caroline Cty. Bd. of Supervisors*, 286 Va. 38, 44 (2013)). "The purpose of a demurrer is to determine whether the pleading and any proper attachments state a cause of action upon which relief can be given." *Steward v. Holland Family Properties, LLC*, 284 Va. 282, 286 (2012).

After reviewing Young-Allen's complaint under the aforementioned standards, we conclude that it failed to state a cause of action. The complaint did not sufficiently allege a claim for equitable rescission. It also failed to allege sufficient facts to establish that Equity breached its fiduciary duty.

## A. THE EQUITABLE RESCISSION CLAIM

Equitable rescission is a "remedy which calls for the highest and most drastic exercise of the power of a court of chancery—to annul and set at naught the solemn contracts of parties." *Schmidt v. Household Fin. Corp., II*, 276 Va. 108, 115 (2008) (quoting *Bonsal v. Camp*, 111 Va. 595, 599 (1911)). "If rescission is granted, the contract is terminated for all purposes, and the parties are restored to the status quo ante." *Id.* (quoting *McLeskey v. Ocean Park Inv'rs, Ltd.*, 242 Va. 51, 54 (1991)).

Like any claim, a claim seeking the equitable rescission of a contract must be adequately pled in a valid pleading. *See generally Parker*, 296 Va. at 333 ("Pleadings are as essential as proof, the one being unavailing without the other." (quoting *Ted Lansing Supply Co. v. Royal Aluminum & Constr. Corp.*, 221 Va. 1139, 1141 (1981))).

4

> [O]ne of the first principles with respect to the rescission of a contract is that . . . *there must be first a sufficient averment of facts showing the plaintiff [is] entitled in equity to the relief which he seeks*, and satisfactory proof of these facts, to justify the interposition of the court; and in addition to all this the court must be able substantially to restore the parties to the position which they occupied before they entered into the contract.

*Schmidt*, 276 Va. at 115 (emphasis added) (quoting *Bonsal*, 111 Va. at 599).

Generally, a court will not rescind a completed foreclosure sale. *See Ramos v. Wells Fargo Bank, NA*, 289 Va. 321, 324 (2015); *Squire*, 287 Va. at 519. Nevertheless, there are several "potential exceptions" to the inapplicability of rescission as a remedy in this context. *Ramos*, 289 Va. at 324 n.*. A foreclosure sale may be set aside in cases "involving fraud, collusion with the purchaser, and a foreclosure sale price of such gross inadequacy that it shocks the conscience of the court." *Parrish v. Federal Nat'l Mortg. Ass'n*, 292 Va. 44, 52 (2016) (quoting *Ramos*, 289 Va. at 324 n.*). This Court has also recognized that a material breach of a deed of trust could, in certain circumstances, constitute sufficient grounds to warrant the remedy of rescission. *See, e.g.*, *id.* at 52-53; *Everette v. Woodward*, 162 Va. 419, 424-27 (1934); *Smith v. Woodward*, 122 Va. 356, 374 (1918); *Wasserman v. Metzger*, 105 Va. 744, 752-53 (1906).

This Court, however, has never held that equitable rescission is available in cases where a plaintiff fails to plead that he or she incurred any damages or suffered any harm caused by an alleged breach of a deed of trust. Rescission based upon a breach of contract is not a cause of action in itself, but rather a remedy. *See, e.g.*, *Ramos*, 289 Va. at 324 n.*; *Squire*, 287 Va. at 519; *Schmidt*, 276 Va. at 115 (all describing equitable rescission as a "remedy"). "Remedies . . . do not exist in the abstract; rather, they flow from and are the consequence of some wrong." *Devine v. Buki*, 289 Va. 184, 187 (2015) (quoting *Bacon v. City of Richmond*, 475 F.3d 633, 638 (4th Cir. 2007)).

5

The cause of action underlying this rescission claim is a breach of contract action. "The elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Ramos*, 289 Va. at 323 (quoting *Filak v. George*, 267 Va. 612, 619 (2004)). Thus, the present claim requesting the remedy of equitable rescission presupposes a breach of contract that has caused the plaintiff some form of harm.

Furthermore, the remedy of equitable rescission in this context is only available when the underlying breach of contract is "substantial" or "material." *See Bolling v. King Coal Theatres, Inc.*, 185 Va. 991, 996 (1947) ("Ordinarily, rescission will not be granted for breach of a contract which is not of such substantial character as to defeat the object of the parties in making the contract, or where the remedy at law is plain, adequate and complete."); 26 Samuel Williston & Richard A. Lord, A Treatise on the Law of Contracts § 68:2, at 40-44 (4th ed. 2019) ("Rescission and restitution will lie provided the breach is substantial or material."). The terms "substantial" and "material" imply that the breach of contract underlying a rescission claim has caused some type of injury or harm to the non-breaching party.

Despite the previous demurrer that expressly addressed the issue of damages, Young-Allen's amended complaint failed to allege facts establishing that the breach of the deed of trust caused her any harm. Young-Allen's amended complaint alleged that Bank of America "failed to send required notices to her, as required by the Deed of Trust—specifically, the requirement that it send her a notice of the right to cure, state the amount that must be paid and where it must be sent, and the date by which that figure is good to reinstate/cure." The complaint, however, did not allege that Young-Allen had the ability to cure her default. Without such an allegation, the complaint did not establish that the alleged breach caused any harm. If Young-Allen could

6

not have cured her default, Bank of America's failure to send the notices at issue regarding the right to cure did not cause Young-Allen to sustain an injury or incur any damages.

Young-Allen's amended complaint failed to allege that she could have cured her default and prevented the foreclosure sale if she received the notices at issue.[1] Thus, Young-Allen failed to plead facts to establish that Bank of America's failure to send the required notices caused her any harm. Accordingly, Young-Allen's complaint failed to plead facts to support the drastic remedy of equitable rescission and the circuit court did not err by sustaining the demurrer to that claim.

B. THE FIDUCIARY DUTY CLAIM

"The powers and duties of a trustee in a deed of trust, given to secure the payment of a debt, are limited and defined by the instrument under which he acts." *Powell v. Adams*, 179 Va. 170, 174 (1942). However, this Court has recognized that "a trustee under a deed of trust owes both the debtor and the creditor certain implied fiduciary duties." *Crosby v. ALG Trustee, LLC*, 296 Va. 561, 569 (2018). A trustee is "the agent of both debtor and creditor," and "[i]t is incumbent upon him to act toward each with perfect fairness and impartiality." *Powell*, 179 Va. at 175. "[T]he requirement of impartiality means that a trustee under a deed of trust must balance the conflicting positions of the creditor and debtor such that a benefit to one cannot come at a disproportionate expense of the other." *Crosby*, 296 Va. at 569.

Young-Allen's amended complaint alleged that Equity breached its duty of impartiality when it conducted the foreclosure sale after it had been informed that a condition precedent to foreclosure had not been satisfied. Although Equity had notice of the alleged breach of the deed

---

[1] We note that the complaint also failed to allege that Young-Allen could avoid another foreclosure sale if she obtained the remedy of rescission. Therefore, the remedy requested by Young-Allen may have ultimately been futile.

of trust and the litigation between Young-Allen and Bank of America, Young-Allen's amended complaint failed to plead sufficient facts to establish that Equity breached the fiduciary duty that it owed to Young-Allen. Equity was not required to postpone or cancel the foreclosure sale based solely on the alleged breach of the deed of trust, especially when Young-Allen failed to plead that she could cure her default and prevent the foreclosure sale from occurring.

The amended complaint stated that Young-Allen filed a notice of lis pendens regarding the underlying litigation before the foreclosure sale was conducted. A notice of lis pendens, however, is not an injunction.[2] A notice of lis pendens is "merely a notice of the pendency of the suit to anyone interested and a warning that he should examine the proceedings therein to ascertain whether the title to the property was affected or not by such proceedings." *Harris v. Lipson*, 167 Va. 365, 372 (1937); *see also Bryan v. Jackson*, 178 Va. 123, 130 (1941) ("A lis pendens makes static the record as it is when it is filed."); Kent Sinclair and Leigh B. Middleditch, Jr., Virginia Civil Procedure § 3.14, at 381 (6th ed. 2014) (A lis pendens is "merely a notice that a claim which affects the property has been asserted."). Standing alone, the notice of lis pendens did not prevent Equity from conducting the scheduled foreclosure sale.

While Young-Allen's amended complaint alleged that she advised Equity of the breach of the deed of trust, the complaint did not allege that Young-Allen told Equity that she had the ability to cure her default. In the absence of such an allegation, the foreclosure sale appeared to be inevitable. Young-Allen's amended complaint did not contest the fact that she was in default, and it expressly admitted that she "fell behind on her payments." Under these circumstances,

---

[2] Notably, Young-Allen's initial complaint did not request an injunction to prohibit Equity from conducting the scheduled foreclosure sale.

Equity did not breach any fiduciary duty that it owed to Young-Allen when it proceeded with the foreclosure sale.

As Young-Allen's amended complaint failed to plead facts establishing that Equity breached its fiduciary duty when it conducted the foreclosure sale, the circuit court did not err by sustaining the demurrer to Young-Allen's breach of fiduciary duty claim.

## III.  CONCLUSION

In summary, the circuit court did not err by sustaining the demurrers to Young-Allen's equitable rescission and breach of fiduciary duty claims.  Young-Allen's amended complaint failed to plead facts establishing that she incurred any harm resulting from the alleged breach of the deed of trust or that Equity breached its fiduciary duty by conducting the foreclosure sale. For the reasons stated, we affirm the circuit court's decision.

*Affirmed.*